## THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                          §
                                §
**WATSON GRINDING &**           §          **CASE NO. 20-30967**
**MANUFACTURING CO.,**          §
                                §          **(Chapter 11)**
    Debtor.                     §

---

**RIGOBERTO MIRANDA, JR.,**     §
**INGRID MIRANDA, DANIEL**      §
**BRAVO, AND ERICA BRAVO,**     §
                                §
    **Plaintiffs,**             §
                                §
v.                              §          **ADVERSARY NO. _____**
                                §
**WATSON VALVE SERVICES INC.,** §
**WATSON GRINDING AND**         §
**MANUFACTURING CO.,**          §
                                §
    **Defendants.**             §

### NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo and Erica Bravo* v. *Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.,* Cause No. 2020-04959, pending in the 281ˢᵗ Judicial District Court of Harris County, Texas (the "State Court Action").

### I.    Procedural Background and Nature of Suit

1.      On January 24, 2020, Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo and Erica Bravo (collectively, the "Plaintiffs") filed an Application for Temporary Restraining Order and Temporary Injunction Against Defendants Watson Valve Services, Inc. and Watson Grinding & Manufacturing Co. (collectively, the "Defendants"), and obtained a temporary restraining order (the "TRO"). The TRO expired.

2.      On January 27, 2020, the Plaintiffs filed their Original Petition along with Rule 194 Requests for Disclosures to All Defendants and Application for Temporary Injunction (the "Original Petition") against the Defendants.  In their Original Petition, the Plaintiffs assert claims of negligence and gross negligence against the Defendants.  No temporary injunction issued.

3.      On January 30, 2020, the Plaintiffs in the Travis Horton, *et al.*, case, Cause No. 2020-05505 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

4.      On January 31, 2020, the Plaintiffs in the Steven Reagle, *et al.*, case, Cause No. 2020-06877 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

5.      On February 3, 2020, the Plaintiffs in the Duong Tung La, case, Cause No. 2020-05281 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

6.       On February 4, 2020, the Plaintiffs in the Margaret Flores, *et al.*, case, Cause No. 2020-05250 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

7.      On February 5, 2020, the Plaintiffs in the Houston Corvette Service, Inc., *et al.*, case, Cause No. 2020-08220 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

8.      On February 5, 2020, the Plaintiffs in the Gilberto Mendoza Cruz, *et al.*, case, Cause No. 2020-08019 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

9.       On February 5, 2020, the Plaintiffs in the Maria Isabel Trejo, *et al.*, case, Cause No. 2020-08054 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

10.      On February 5, 2020, the Plaintiffs in the Hector Mondragon Olvera, *et al.*, case, Cause No. 2020-08060 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

11.      On February 5, 2020, the Plaintiffs in the Gilberto Figuero, *et al.*, case, Cause No. 2020-08062 (which is also being removed to this Court) filed a Motion to Consolidate into the State Court Action.

12.      None of the cases have been consolidated.

13.      On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.      <u>Basis for Removal</u>

14.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

15.      The State Court Action was initiated prior to the commencement of the Chapter 11 Case.  This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

16.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

17.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

18.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

19.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

20.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

21.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under

28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

22.    Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.    Parties and Notice

23.    Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 281ˢᵗ Judicial District Court of Harris County, Texas.

24.    In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Kwok Daniel Ltd., L.L.P.<br>Robert S. Kwok<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING &**<br>**MANUFACTURING CO.** |
| Kwok Daniel, Ltd., L.L.P.<br>Robert S. Kwok<br>Ryan Loya<br>9805 Katy Freeway, Ste 850<br>Houston, TX 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR TRAVIS HORTON, *ET AL.*** | GIEGER, LABORDE & LAPEROUSE L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES,**<br>**INC.** |
| | |

| | |
|---|---|
| Kwok Daniel Ltd., L.L.P.<br>Robert S. Kwok<br>J. Ryan Loya<br>9805 Katy Freeway, Ste 850<br>Houston, TX 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR STEVEN REAGLE, *ET AL.*** | McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR DUONG TUNG LA, ET AL.** |
| Terry & Thweatt, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Ste 100<br>Houston, TX 77046-0102<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com<br><br>Kamins Law Firm, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave., Ste. 1200<br>Houston, TX 77098<br>**ATTORNEYS FOR HOUSTON CORVETTE SERVICE, INC., *ET AL.*** | McMillan Firm PLLC<br>Chance A. McMillan #24078981<br>Mathew Mendoza  #24109548<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR GILBERTO MENDOZA CRUZ, *ET AL.*** |
| McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR HECTOR MONDRAGON OLVERA, *ET AL.*** | McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR GILBERTO FIGUERO, *ET AL.*** |
| | |

| McMillan Firm PLLC | Abraham, Watkins, Nichols, Sorrels, Agosto, |
|---|---|
| Chance A. McMillan | Aziz & Stogner |
| Mathew Mendoza | Muhammad S. Aziz |
| Wayne Collins | Karl P. Long |
| 440 Louisiana Street, Ste 1200 | 800 Commerce Street |
| Houston, TX 77002-1691 | Houston, TX 77002 |
| T: 281-888-2131 | |
| F: 832-831-2175 | The Law Office of Bilaal Badat, PLLC |
| cam@mcmillanfirm.com | Bilaal Badat |
| mem@mcmillanfirm.com | 4151 Southwest Freeway, Suite 230 |
| wdc@mcmillanfirm.com | Houston, TX 77027 |
| **ATTORNEYS FOR MARIA ISABEL TREJO,** *ET AL.* | **ATTORNEYS FOR MARGARET FLORES,** *ET AL.* |

## V.       Process and Pleadings

25.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

26.     In the State Court Action, summons issued on January 30, 2020, but the returned summons has not yet been filed.

27.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 20, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By:  */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 20, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) to the following:

| | |
|---|---|
| Kwok Daniel LTD, L.L.P.<br>Robert S. Kwok<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Kwok Daniel, LTD, L.L.P.<br>Robert S. Kwok<br>Ryan Loya<br>9805 Katy Freeway, Ste 850<br>Houston, TX 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR TRAVIS HORTON, *ET AL.*** | GIEGER, LABORDE & LAPEROUSE L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Kwok Daniel LTD, L.L.P.<br>Robert S. Kwok<br>J. Ryan Loya<br>9805 Katy Freeway, Ste 850<br>Houston, TX 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR STEVEN REAGLE, *ET AL.*** | McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR DUONG TUNG LA, ET AL.** |
| Terry & Thweatt, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Ste 100<br>Houston, TX 77046-0102<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | McMillan Firm PLLC<br>Chance A. McMillan #24078981<br>Mathew Mendoza  #24109548<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR GILBERTO MENDOZA CRUZ, *ET AL.*** |

| | |
|---|---|
| Kamins Law Firm, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave., Ste. 1200<br>Houston, TX 77098<br>**ATTORNEYS FOR HOUSTON CORVETTE SERVICE, INC.,** *ET AL.* | |
| McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR HECTOR MONDRAGON OLVERA,** *ET AL.* | McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR GILBERTO FIGUERO,** *ET AL.* |
| McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>T: 281-888-2131<br>F: 832-831-2175<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR MARIA ISABEL TREJO,** *ET AL.* | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner<br>Muhammad S. Aziz<br>Karl P. Long<br>800 Commerce Street<br>Houston, TX 77002<br><br>The Law Office of Bilaal Badat, PLLC<br>Bilaal Badat<br>4151 Southwest Freeway, Suite 230<br>Houston, TX 77027<br>**ATTORNEYS FOR MARGARET FLORES,** *ET AL.* |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

| **HCDistrictclerk.com** | MIRANDA, RIGOBERTO (JR) vs. WATSON VALVE SERVICES INC | 4/17/2020 |
|---|---|---|

Cause: 202004959     CDI: 7     Court: 281

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 89306067 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89306068 | Exhibit A | | 02/06/2020 | 3 |
| 89306069 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89306070 | Exhibit A | | 02/06/2020 | 3 |
| 89283719 | Plaintiffs' Motion to Consolidate | | 02/05/2020 | 8 |
| 89283720 | Plaintiffs' Motion to Consolidate | | 02/05/2020 | 8 |
| 89283724 | Plaintiffs' Motion to Consolidate | | 02/05/2020 | 8 |
| 89283726 | Plaintiffs' Motion to Consolidate | | 02/05/2020 | 8 |
| 89290055 | Motion to Consolidate | | 02/05/2020 | 5 |
| -> 89290056 | Proposed Order | | 02/05/2020 | 2 |
| 89264087 | Plaintiffs' Motion to Consolidate | | 02/04/2020 | 5 |
| -> 89264088 | Proposed Order | | 02/04/2020 | 2 |
| 89222627 | Plaintiff's Motion to Consolidate | | 02/03/2020 | 8 |
| 89232802 | Rule 11 Agreement | | 02/03/2020 | 2 |
| 89235293 | First Amended Notice of Oral Hearing - 02.07.2020 | | 02/03/2020 | 2 |
| 89209114 | Plaintiffs' Motion to Consolidate | | 01/31/2020 | 5 |
| -> 89209113 | Notice of Oral Hearing - 02.07.2020 | | 01/31/2020 | 3 |
| -> 89209115 | Proposed Order Granting Plaintiffs' Motion to Consolidate | | 01/31/2020 | 2 |
| 89178207 | Plaintiffs' Motion to Consolidate | | 01/30/2020 | 5 |
| -> 89178206 | Notice of Oral Hearing - 02.07.2020 | | 01/30/2020 | 3 |
| -> 89178208 | Proposed Order Granting Plaintiffs' Motion to Consolidate | | 01/30/2020 | 2 |
| 89115048 | Plaintiffs' Original Petition along with Rule 194 Requests for Disclosure to All Defendants and Application for Temporary Injunction | | 01/27/2020 | 10 |
| -> 89115049 | Civil Process Requests | | 01/27/2020 | 2 |
| 89075125 | Plaintiffs' Application for TRO<br>Plaintiffs' Application for TRO | | 01/24/2020<br>01/24/2020 | 6 |
| -> 89075126 | Proposed Order<br>Proposed Order | | 01/24/2020<br>01/24/2020 | 3 |
| 89075125 | Plaintiffs' Application for TRO | | 01/24/2020 | 6 |
| -> 89075126 | Proposed Order | | 01/24/2020 | 3 |
| 89082168 | ORDER SETTING BOND SIGNED<br>ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER<br>ORDER SIGNED SETTING HEARING | | 01/24/2020<br>01/24/2020<br>01/24/2020 | 3 |
| 89086204 | Clerk's certificate of cash deposit in lieu of injunction bond per order of the court | | 01/24/2020 | 1 |

1/24/2020 12:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40252524
By: Chandra Lawson
Filed: 1/24/2020 12:16 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO and ERICA BRAVO | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. | § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION AGAINST DEFENDANTS WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING, CO.

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO and ERICA BRAVO Plaintiffs herein, and files this his Application for Temporary Restraining Order and Temporary Injunction against Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. for cause(s) of action would respectfully show this Honorable Court as follows:

### I.
### FACTS

1.  In the early morning hours of January 24, 2020, a violent explosion occurred at 4525 Gessner Road in Houston, Texas. Plaintiffs' homes were completely destroyed by the explosion and their homes have been condemned by Harris County officials. At all times relevant to the incident, Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. controlled and continues to control the premises where the explosion originated.

**II.**
**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND**
**APPLICATION TO ENTER PREMISES TO INSPECT, FILM AND PHOTOGRAPH**

2.      Without Plaintiffs' requested relief, the premises owned by WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. will not be in the same or similar condition as is when the explosion occurred unless this court enters a Temporary Restraining Order ("TRO") restraining Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. from changing, altering or destroying any tangible evidence related to the subject incident, specifically including but not limited to the ignition source of the explosion.

3.      Upon information and belief, Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. could continue using the premises in their ordinary course of business, thereby destroying material evidence. Therefore, Plaintiffs asks the Court to restrain Defendants WATSON VALVE SERVICES, INC. from altering, modifying, or destroying relevant evidence to the explosion by resuming services at the premises until such time Plaintiffs' counsel and experts are allowed to enter and inspect the premises and the requested evidence is produced and secured.

5.      Plaintiffs pray that this Court enter a Temporary Restraining Order preserving the status quo by restraining Defendants from in any way changing, altering, destroying or modifying, the evidence related to the January 24, 2020, explosion at 4525 Gessner Road in Houston, Texas, as well as moving, removing, or altering any and all tangible evidence within the plant in question. Plaintiff also seeks an order preserving:

1) Any and all photographs and videotapes of the scene of the incident, parties or equipment involved in the incident;
2) Any and all stickers, safety slogans, warnings, etc. attached to or placed on any equipment involved in the incident;

3) Any and all documents/communications regarding the scene of the incident, parties or equipment involved in the incident;

4) Any and all documents/records relating to the incident, including but not limited to OSHA records;

5) Any and all e-mails, electronic data, documents, statements, diaries, calendar entries, memos, incident reports, call slips or telephone messages, text messages, facsimiles, voicemail messages, and correspondence related to the incident; and

6) Any and all maintenance logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audiotape recording or any transcript of any recorded statements, mobile radio and dispatch records pertaining to the incident.

The foregoing tangible and physical evidence is relevant and reasonably necessary to determine the cause of the incident made the basis of this action, the loss of which would irreparably harm Plaintiffs.

4.      In order for Plaintiffs to properly investigate and pursue their claims and recover their damages and see that justice is done, the Court should restrain Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. their agents, corporate parents, servants, employees, contractors, independent contractors, and the like including those acting in concert with the foregoing Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. from changing, altering, destroying and/or moving evidence of any kind.

### III.
### REQUEST FOR INSPECTION

Plaintiffs also pray that this Court issue an Order permitting Plaintiffs' attorneys and investigative staff, including but not limited to, consulting experts, to have access to the incident scene where the explosion occurred to inspect, photograph, and film the scene. Such access for the purpose of inspection, photographing and filming is essential in order for the Plaintiff to prepare their case and to see that justice is done.

### III.
### REQUEST FOR TEMPORARY INJUNCTION

5.      Plaintiffs asks the Court to set his application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. Plaintiff has a valid cause of action for negligence and would suffer irreparable harm by the failure to preserve the premises in its current condition, evidence, and their contents due to the nature of occurrence that led to the explosion on January 24, 2020. Specifically, the site of the explosion contains evidence necessary to be preserved, specifically the ignition source of the explosion, for Plaintiffs to investigate his potential claims. Plaintiffs will be irreparably injured if the evidence currently at the premises after the explosion is destroyed or modified. Due to the immediate timing and necessity of preserving the evidence from being destroyed or altered if the premises were to be returned to regular business use, this temporary restraining order should be granted without notice or delay.

### IV.
### NOTICE OF DEMAND FOR PRESERVATION
### OF ELECTRONICALLY STORED INFORMATION

6.      Plaintiffs asks the Court to order Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. to preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause, in accordance with specific notice previsions as if same was set for the herein for all purposes.

### V.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court enter an order granting Plaintiffs' Temporary Restraining Order and Temporary Injunction against

Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND

MANUFACTURING, CO., and for such other and further relief, both general and special, at equity

and in law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

_____

**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
Email: jloya@kwoklaw.com

**ATTORNEYS FOR PLAINTIFFS**

CAUSE NO. _____

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO and ERICA BRAVO | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. | § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS          §
                                      §
COUNTY OF HARRIS   §

BEFORE ME, the undersigned authority, on this day personally appeared Robert S. Kwok, who being by me duly sworn, on his oath stated that he is one of the attorneys for Plaintiffs, and that all facts stated in *Application for Temporary Restraining Order and Temporary Injunction* are true and correct and within his personal knowledge.

_____
Robert S. Kwok

SUBSCRIBED AND SWORN TO before me on this 24th day of January, 2020, to certify which witness my hand and official seal.

_____
Notary Public, In and For the State of Texas

My Commission Expires on:

MELANIE PELTIER
My Notary ID # 125288090
Expires May 24, 2021

**PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION AGAINST DEFENDANTS WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING, CO.**
Page 6 of 6

1/24/2020 12:16:57 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40252524
By: LAWSON, CHANDRA K
Filed: 1/24/2020 12:16:57 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO and ERICA BRAVO | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | §<br>§ | |
| VS. | §<br>§ | **HARRIS COUNTY, TEXAS** |
| WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. | §<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | **_____ JUDICIAL DISTRICT** |

**TEMPORARY RESTRAINING ORDER AND ORDER**
**SETTING HEARING ON APPLICATION FOR TEMPORARY INJUNCTION**

**TO:** **Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO., their attorneys, agents, servants, and/or employees.**

CAME on to be heard this day Plaintiffs' Application for Temporary Restraining Order against WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. ("DEFENDANTS"). After examining the same, the Court finds that if a Temporary Restraining Order is not entered, Plaintiffs will suffer immediate and irreparable harm for which there is no adequate remedy at law as a result of DEFENDANTS' conduct.

The Court further finds that Plaintiffs have shown a viable cause of action exists and there is a substantial likelihood that Plaintiffs will prevail at trial. The Court finds that the requested temporary restraining order is narrow in scope and will preserve the status quo until the hearing on the application for temporary injunction relief. The Court further finds that Plaintiffs' application for temporary restraining order is well-founded and shall be GRANTED.

The Court further finds that without injunctive relief restraining DEFENDANTS from securing and producing necessary evidence, Plaintiffs will be severely prejudiced in presenting

and proving his case.

The Court further finds that without injunctive relief, Plaintiffs will suffer probable, imminent and irreparable injury.

Based on the application submitted to the Court and this Court's findings, this Court finds good cause for the issuance of immediate injunctive restraints and relief.

The Court Orders as follows:

1. Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. are immediately restrained from changing, altering or destroying any tangible evidence related to the subject incident, including but not limited any and all photographs, videotapes, stickers, safety slogans, warnings, documents or communications regarding the incident, maintenance logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audio tape records, transcripts of any recorded statements, electronic data, statements, diaries, calendar entries, memos, incident reports, call slips, text messages, facsimiles, voicemail messages, and correspondence related to the January 24, 2020 explosion.

2. Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. are immediately restrained from resuming regular business practices at the premises where the explosion occurred until such time Plaintiff's counsel and experts are allowed to enter and inspect the subject premises and the requested evidence is produced and secured.

This Order applies to Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. their attorneys, agents, servants, employees, contractors, contractors' employees, and/or those acting in concert with Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.

It is therefore, ORDERED that this order shall be effective until the earlier of fourteen (14) dates for the date set forth below, or the date the Court issues a ruling on Plaintiffs' request for a temporary injection after proper notice to Defendants.

It is further ORDERED that Plaintiffs' application for temporary injection shall be heard on _____, 2020 at _____ o'clock ____.m., in the courtroom of the _____ Judicial District Court of Harris County, Texas, to show cause, if there be any, why a temporary injunction should not be issued as requested by Plaintiff.

It is further ORDERED that the Clerk of the Court shall issue a show-cause notice to Defendants to appear at the hearing on Plaintiffs' application for temporary injunction.

It is further ORDERED that the Clerk of the Court shall, on the filing by Plaintiffs the required bond, and upon approving the same according to the law, issue a temporary restraining order containing mandatory injunctive relief in conformity with the law and the terms of this order.

It is further ORDER that Plaintiffs shall execute and file with the Clerk of the Court a bond in conformity with the law and in the amount of $_____.

SINGED on this the _____ day of _____, 2020, at _____ o'clock _____.m.


_____
JUDGE PRESIDING

**TEMPORARY RESTRAINING ORDER AND ORDER**
**SETTING HEARING ON APPLICATION FOR TEMPORARY INJUNCTION**
**Page 3 of 3**

1/24/2020 12:16:57 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40252524
By: LAWSON, CHANDRA K
Filed: 1/24/2020 12:16:57 PM

## 2020-04959 / Court: 281

P.3
TRURX
STBNX
CASU

CAUSE NO. _____

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO and ERICA BRAVO | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. | § § § § | |
| *Defendants.* | § § | _____ JUDICIAL DISTRICT |

### TEMPORARY RESTRAINING ORDER AND ORDER
### SETTING HEARING ON APPLICATION FOR TEMPORARY INJUNCTION

TO:   Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO., their attorneys, agents, servants, and/or employees.

CAME on to be heard this day Plaintiffs' Application for Temporary Restraining Order against WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. ("DEFENDANTS"). After examining the same, the Court finds that if a Temporary Restraining Order is not entered, Plaintiffs will suffer immediate and irreparable harm for which there is no adequate remedy at law as a result of DEFENDANTS' conduct.

The Court further finds that Plaintiffs have shown a viable cause of action exists and there is a substantial likelihood that Plaintiffs will prevail at trial. The Court finds that the requested temporary restraining order is narrow in scope and will preserve the status quo until the hearing on the application for temporary injunction relief.  The Court further finds that Plaintiffs' application for temporary restraining order is well-founded and shall be GRANTED.

The Court further finds that without injunctive relief restraining DEFENDANTS from securing and producing necessary evidence, Plaintiffs will be severely prejudiced in presenting

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

and proving his case.

The Court further finds that without injunctive relief, Plaintiffs will suffer probable, imminent and irreparable injury.

Based on the application submitted to the Court and this Court's findings, this Court finds good cause for the issuance of immediate injunctive restraints and relief.

The Court Orders as follows:

1.  Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. are immediately restrained from changing, altering or destroying any tangible evidence related to the subject incident, including but not limited any and all photographs, videotapes, stickers, safety slogans, warnings, documents or communications regarding the incident, maintenance logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audio tape records, transcripts of any recorded statements, electronic data, statements, diaries, calendar entries, memos, incident reports, call slips, text messages, facsimiles, voicemail messages, and correspondence related to the January 24, 2020 explosion.

2.  Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. are immediately restrained from resuming regular business practices at the premises where the explosion occurred until such time Plaintiff's counsel and experts are allowed to enter and inspect the subject premises and the requested evidence is produced and secured.
    *( which only includes activities performed at the premises prior to January 24, 2020 )*

This Order applies to Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. their attorneys, agents, servants, employees, contractors, contractors' employees, and/or those acting in concert with Defendants WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.

It is therefore, ORDERED that this order shall be effective until the earlier of fourteen (14) dates for the date set forth below, or the date the Court issues a ruling on Plaintiffs' request for a temporary injection after proper notice to Defendants.

**TEMPORARY RESTRAINING ORDER AND ORDER**
**SETTING HEARING ON APPLICATION FOR TEMPORARY INJUNCTION**

It is further ORDERED that Plaintiffs' application for temporary injection shall be heard on __February 7_____, 2020 at __2:30__ o'clock __p__.m., in the courtroom of the __281 st_____ Judicial District Court of Harris County, Texas, to show cause, if there be any, why a temporary injunction should not be issued as requested by Plaintiff.

It is further ORDERED that the Clerk of the Court shall issue a show-cause notice to Defendants to appear at the hearing on Plaintiffs' application for temporary injunction.

It is further ORDERED that the Clerk of the Court shall, on the filing by Plaintiffs the required bond, and upon approving the same according to the law, issue a temporary restraining order containing mandatory injunctive relief in conformity with the law and the terms of this order.

It is further ORDER that Plaintiffs shall execute and file with the Clerk of the Court a bond in conformity with the law and in the amount of $ __500.00_____.

SINGED on this the __24__ day of __January__, 2020, at __2:05__ o'clock __p__.m.

_____
JUDGE PRESIDING

CAUSE NUMBER ___*2020-04959 / 281st*___

___*RIGUBERTO MIRANDA*___ §   **IN THE DISTRICT COURT OF**
**PETITIONER**    *Et al.* §

**VS.**        **HARRIS COUNTY, TEXAS**

___*WATSON VALVE SERVICES*___§  ___*281*___ **JUDICIAL DISTRICT**
**RESPONDENT**    *INC. Et. al.*

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

**THE STATE OF TEXAS §**
**COUNTY OF HARRIS   §**

    **THIS DOCUMENT IS TO CERTIFY** that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of ___*500.00*___ ___*Five hundred*___ Dollars ($___*500.00*___), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P. in the above styled and numbered cause as provided by the order entered on the ___*24*___ day of ___*January*___ 20 ___*20*___.

    This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

    **WITNESS** my hand and seal of office this ___*24*___ day of ___*January*___ _____ A.D. 20 ___*20*___.

**FILED**
**Marilyn Burgess**
**District Clerk**

**JAN 2 4 2020**

Time: ___*1:37 PM*___
Harris County, Texas
By _____
     Deputy

Principal: ___*Plaintiff*___

Attorney: _____

Bar Number: ___*00789430*___

**Marilyn Burgess, District Clerk**
**Harris County, Texas**
**PO BOX 4651**
**Houston, Texas 77210-4651**

By _____
     **Deputy District Clerk**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Page 1 of 1

1/27/2020 12:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40295814
By: Brittany Hall
Filed: 1/27/2020 12:00 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR.,** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA, DANIEL BRAVO** | § | |
| **AND ERICA BRAVO** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281st JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION ALONG
### WITH RULE 194 REQUESTS FOR DISCLOSURES TO
### ALL DEFENDANTS AND APPLICATION FOR TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO, and ERICA BRAVO Plaintiffs herein, and files this their Plaintiffs' Original Petition along with Rule 194 Requests for Disclosures to all Defendants and Application for Temporary Injunction against Defendants WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, CO.

Plaintiffs bring suit complaining of Defendants WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, CO., and for cause(s) of action would respectfully show this Honorable Court as follows:

### I.
### DISCOVERY PLAN

1.      Discovery in this case is to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure as the Plaintiffs seek monetary relief over $1,000,000.

**II.**
**REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME**

2.      To the extent that any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, suit is brought against them pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs demand upon answering this suit, that the Defendants answer in their correct legal and assumed names.

**III.**
**PARTIES**

3.      Plaintiff RIGOBERTO MIRANDA, JR. is a natural person residing in Harris County, Texas.

4.      Plaintiff INGRID MIRANDA is a natural person residing in Harris County, Texas.

5.      Plaintiff DANIEL BRAVO is a natural person residing in Harris County, Texas.

6.      Plaintiff ERICA BRAVO is a natural person residing in Harris County, Texas.

7.      Defendant WATSON VALVE SERVICES, INC. (hereinafter "WATSON VALVE") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit.  Defendant may be served with process through its registered agent, John M Watson, 4525 Gessner Road, Houston, Texas 77041 or wherever they may be found for service.

8.      Defendant WATSON GRINDING AND MANUFACTURING CO. (hereinafter "WATSON") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit.  Defendant may be served with process through its registered agent, John M Watson, 4525 Gessner Road, Houston, Texas 77041 or wherever they may be found for service.

**IV.**
**VENUE AND JURISDICTION**

9.      Venue is proper in Harris County, Texas, pursuant to §15.002 of the Texas Civil

Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to

the claim occurred in Harris County, Texas.

10.      Jurisdiction is proper because the amount in controversy exceeds the minimum

jurisdictional limits of this Court.  This Court has personal jurisdiction over all parties as set out

in the below paragraph.

**V.**
**FACTS**

11.      In the early morning hours of January 24, 2020, a violent explosion occurred at

Watson Grinding and Manufacturing located at 4525 Gessner Road in Houston, Texas.  Plaintiffs'

homes were completely destroyed by the explosion and their homes have been condemned by

Harris County officials.    At all times relevant to the incident, Defendants WATSON and/or

WATSON VALVE controlled and continues to control the premises where the explosion

originated.  As a result of the explosion, Plaintiffs suffered significant damages to their personal

property and homes, in addition to bodily injuries.

**VI.**
**NEGLIGENCE OF ALL DEFENDANTS**

12.      Defendants contemporaneous conduct constituted a breach of the duty of ordinary

care owed by Defendant to Plaintiff.  Defendants directly and personally participated in the

conduct giving rise to Plaintiffs' negligence claims through their joint and several actions and

omissions.  Defendants, acting in the course and scope of their employment, owed an independent

duty to Plaintiffs and were guilty of negligence in the following respects:

   a.   Failing to furnish reasonably safe instrumentalities;

b.  Failing to provide and enforce safety regulations;

c.  Failing to properly inspect, maintain and store volatile gasses on the premises;

d.  Failing to properly inspect and maintain pressure regulators on the premises;

e.  Failing to properly inspect the premises for gas leaks;

f.  Failing to properly repair storage tanks, gas lines, and valves;

g.  Failing to timely repair tanks, gas lines, and valves;

h.  Failing to properly screen, hire, train, control, manage or supervise their agents and employees;

i.  Failing to cordon off the hazardous area from all traffic, tools, and equipment near the ignition source;

j.  Failing to institute precautionary measures to prevent volatile gasses from escaping high-pressure gas lines; and

k.  Failing to ensure a safe work area.

13.  Each of the above referenced acts or omissions by Defendants led to the explosion.

## VII.
## GROSS NEGLIGENCE OF ALL DEFENDANTS

14.  The occurrence made the basis of this suit and the resulting injuries and damages to Plaintiffs was proximately caused by Defendants' wanton and reckless disregard for the safety of Plaintiffs, consisted of, but is not limited to, the following acts and/or omissions:

a.  Failing to furnish reasonably safe instrumentalities;

b.  Failing to provide and enforce safety regulations;

c.  Failing to properly inspect, maintain and store volatile gasses on the premises;

d.  Failing to properly inspect and maintain pressure regulators on the premises;

e.  Failing to properly inspect the premises for gas leaks;

f.  Failing to properly repair storage tanks, gas lines, and valves;

g.  Failing to timely repair tanks, gas lines, and valves;

h.  Failing to properly screen, hire, train, control, manage or supervise their agents and employees;

i.  Failing to cordon off the hazardous area from all traffic, tools, and equipment near the ignition source;

j.  Failing to institute precautionary measures to prevent volatile gasses from escaping high-pressure gas lines; and

k.  Failing to ensure a safe work area.

15.     Each of these acts and/or omissions of Defendants constitutes a wanton and reckless disregard for the safety of Plaintiffs, and singularly or in concert, constitutes a proximate cause of the explosion and resulting injuries and damages to Plaintiffs as described below.

16.     When viewed objectively from the standpoint of Defendants at the time of its occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, each were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, Plaintiffs sue for exemplary damages in an amount to be determined by the trier of the fact.

**VIII.**
**DAMAGES OF PLAINTIFFS**

17.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs seek:

a.  Remedial costs for real property damage;

b.  Replacement costs for personal property damage;

c.  Costs of completion;

d.  Expenses of temporary/alternate housing;

e.   Mental anguish in the past and future;

f.   Physical pain and suffering in the past and future;

g.   Medical expenses in the past and future;

h.   Physical impairment in the past and future;

i.   Disfigurement in the past and future;

j.   Loss of earnings and earnings capacity in the past and future;

k.   Loss of household services in the past and future;

l.   Loss of use;

m.   Costs of suit;

n.   Prejudgment and post-judgment interest;

o.   Cost of replacement;

p.   Incidental and consequential damages;

q.   Business interruption damages; and

r.   All other relief to which Plaintiffs may be justly entitled.

## IX.
## RULE 194 REQUESTS FOR DISCLOSURE

18.     Pursuant to Tex. R. Civ. Proc. 194, ALL DEFENDANTS are requested to disclose,

within fifty (50) days of service of this request, the information and material described in Rule

194.2(a)-(l).

## X.
## INCORPORATION BY REFERENCE OF TEMPORARY RESTRAINING ORDER AND APPLICATION TO ENTER PREMISES TO INSPECT, FILM AND PHOTOGRAPH

19.     Plaintiffs incorporate by reference the Temporary Restraining Order ("TRO")

granted them on January 24, 2020  restraining Defendants WATSON VALVE SERVICES, INC.

and/or WATSON GRINDING AND MANUFACTURING, CO. from changing, altering or destroying any tangible evidence related to the subject incident, specifically including but not limited to the ignition source of the explosion.

20.     Plaintiffs incorporate by reference the TRO granted them on January 24, 2020 restraining Defendants from altering, modifying, or destroying relevant evidence to the explosion by resuming services at the premises until such time Plaintiffs' counsel and experts are allowed to enter and inspect the premises and the requested evidence is produced and secured.

21.     Plaintiffs incorporate by reference the TRO granted them on January 24, 2020 preserving the status quo by restraining Defendants from in any way changing, altering, destroying or modifying, the evidence related to the January 24, 2020, explosion at 4525 Gessner Road in Houston, Texas, as well as moving, removing, or altering any and all tangible evidence within the plant in question. Plaintiffs incorporate by reference the TRO preserving:

1)  Any and all photographs and videotapes of the scene of the incident, parties or equipment involved in the incident;
2)  Any and all stickers, safety slogans, warnings, etc. attached to or placed on any equipment involved in the incident;
3)  Any and all documents/communications regarding the scene of the incident, parties or equipment involved in the incident;
4)  Any and all documents/records relating to the incident, including but not limited to OSHA records;
5)  Any and all e-mails, electronic data, documents, statements, diaries, calendar entries, memos, incident reports, call slips or telephone messages, text messages, facsimiles, voicemail messages, and correspondence related to the incident; and
6)  Any and all maintenance logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audiotape recording or any transcript of any recorded statements, mobile radio and dispatch records pertaining to the incident.

22.     The foregoing tangible and physical evidence is relevant and reasonably necessary to determine the cause of the incident made the basis of this action, the loss of which would irreparably harm Plaintiffs.

23.     Plaintiffs incorporate by reference the TRO granted them on January 24, 2020 restraining Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. their agents, corporate parents, servants, employees, contractors, independent contractors, and the like including those acting in concert with the foregoing Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. from changing, altering, destroying and/or moving evidence of any kind.

24.     Plaintiffs incorporate by reference the TRO granted them on January 24, 2020 permitting Plaintiffs' attorneys and investigative staff, including but not limited to, consulting experts, to have access to the incident scene where the explosion occurred to inspect, photograph, and film the scene. Such access for the purpose of inspection, photographing and filming is essential in order for the Plaintiffs to prepare their case and to see that justice is done.

## XI.
## REQUEST FOR TEMPORARY INJUNCTION

25.     Plaintiffs asks the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. Plaintiffs have a valid cause of action for negligence and would suffer irreparable harm by the failure to preserve the premises in its current condition, evidence, and their contents due to the nature of occurrence that led to the explosion on January 24, 2020. Specifically, the site of the explosion contains evidence necessary to be preserved, specifically the ignition source of the explosion, for Plaintiffs to investigate their potential claims. Plaintiffs will be irreparably injured if the evidence currently at the premises after the explosion is destroyed or modified. Due to the immediate timing and

necessity of preserving the evidence from being destroyed or altered if the premises were to be returned to regular business use, this temporary restraining order should be granted without notice or delay.

## XII.
## NOTICE OF DEMAND FOR PRESERVATION
## OF ELECTRONICALLY STORED INFORMATION

26.     Plaintiffs asks the Court to order Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. to preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause, in accordance with specific notice previsions as if same was set for the herein for all purposes.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court enter an order granting Plaintiffs' Temporary Injunction against Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO., and for such other and further relief, both general and special, at equity and in law, to which Plaintiffs may show themselves justly entitled.

Plaintiffs further pray that Defendant WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, CO., be cited to appear and answer, and upon final hearing of this cause, Plaintiffs have judgment against Defendants for damages listed herein, for actual damages, exemplary damages, costs of suit, pre-judgment and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

*/s/ Robert S. Kwok*
**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
**Joshua R. Leal**
SBN: 24048609
**Alex P. Boylhart**
SBN: 24087198
**William W. Hoke***
SBN: 24046086
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
Email: rloya@kwoklaw.com
Email: jleal@kwoklaw.com
Email: aboylhart@kwoklaw.com
Email: whoke@whokelaw.com
* Of Counsel

**ATTORNEYS FOR PLAINTIFFS**

1/27/2020 12:00:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40295814
By: HALL, BRITTANY
Filed: 1/27/2020 12:00:32 PM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2020-04959     **CURRENT COURT:** 281st

**Name(s) of Documents to be served:** Plaintiffs' Original Petition along with Rule 194 Requests for Disclosures to All Defendants and A

**FILE DATE:** 01/27/2020     Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Watson Valve Services, Inc

**Address of Service:** 4525 Gessner Road

**City, State & Zip:** Houston, Texas 77041

**Agent (if applicable)** John M. Watson

### TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | | Newspaper_____ | |
| ☑ Temporary Restraining Order | ☐ Precept | | ☐ Notice |
| ☐ Protective Order | | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment | |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment | |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration | |
| ☐ Subpoena | | | |
| ☐ Other (Please Describe) _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____     ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____     **(No Service Copy Fees Charged)**
☐ **CONSTABLE**     *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**     used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____     Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   Robert S. Kwok     Bar # or ID   00789430

**Mailing Address:** 9805 Katy Freeway, Suite 850, Houston, Texas 77024

**Phone Number:** 713-773-3380



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2020-04959 **CURRENT COURT:** 281st

**Name(s) of Documents to be served:** Plaintiffs' Original Petition along with Rule 194 Requests for Disclosures to All Defendants and A

**FILE DATE:** 01/27/2020 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Watson Grinding and Manufacturing, Co.

**Address of Service:** 4525 Gessner Road

**City, State & Zip:** Houston, Texas 77041

**Agent (if applicable)** John M. Watson

### TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- ☑ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias** Newspaper_____
- ☑ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)** ☐ **Capias (not an E-Issuance)** ☐ **Attachment**
- ☐ **Certiorari** ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**
- ☐ **Habeas Corpus** ☐ **Injunction** ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP (phone)** _____
- ☐ **MAIL to attorney   at:** _____
- ☐ **CONSTABLE**
- ☐ **CERTIFIED MAIL by District Clerk**

☑ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**
*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   Robert S. Kwok   Bar # or ID   00789430

Mailing Address: 9805 Katy Freeway, Suite 850, Houston, Texas 77024

Phone Number: 713-773-3380

1/30/2020 11:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40414522
By: Bonnie Lugo
Filed: 1/30/2020 11:08 AM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR.,** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA, DANIEL BRAVO** | § | |
| **AND ERICA BRAVO** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281ˢᵗ JUDICIAL DISTRICT** |

## CAUSE NO. 2020-05505

| | | |
|---|---|---|
| **TRAVIS HORTON, ANDREA HORTON,** | § | **IN THE DISTRICT COURT OF** |
| **DAVID RAINS, DANIELA CORTEZ,** | § | |
| **MARIO RUIZ, DANIEL DRAWSAND,** | § | |
| **CATHERINE DRAWSAND, ANDRES** | § | |
| **UNRIOSTEGUI, MARIA URIOSTEGUI,** | § | |
| **BENITO HERNANDEZ, MARIA** | § | |
| **HERNANDEZ, JUAN TORRES, MARIA J.** | § | |
| **HERNANDEZ, ROZALINDA GOMEZ,** | § | |
| **FRANCISCO LOZANO, LETICIA** | § | |
| **ALARCON, MARIO GINALDO MARIA** | § | |
| **GINALDO, MIGUEL PUENTE SALAZAR,** | § | |
| **MARIA SALAZAR, KEVIN ARGO,** | § | |
| **LEONOR BELTRAN, ELBA LEMUS,** | § | |
| **DANIEL JUAREZ, CATHERINE** | § | |
| **NORTON, BICH DAO NGUYEN,** | § | |
| **HOMERO REGALDO, ADAM ONTOYA-** | § | |
| **TORRES, VICTORIA TORRES, PAMELA** | § | |
| **ROBERSON, KAREN FORD TODD,** | § | |
| **TRIVIA DOUGLAS, CYNTHIA TATES,** | § | |
| **EDITH VAESA, PHONG NGUYEN,** | § | |
| **DAN BERRY ARGO STACY ARGO,** | § | |
| **RICHARD GANNON, AMBER LANE,** | § | |
| **ALISON LONG, JOSEPH CROPPER,** | § | |
| **EVER OMAR BAUTISTA, JOSE** | § | |
| **ROMERO, MAYRA REYES, LUZ MARIA** | § | |
| **VILLA, FERNANDA PIERRE, ROBERT** | § | |
| **OJEDA, MARCOS RAMOS, EVELYN** | § | |
| **IBARRA, LAWRENCE SEPULVEDA,** | § | |
| **TERRI SEPLUVEDA, CHRIS SANTIFF,** | § | |
| **CATHERINE LAAKE, SERGIO CRUZ,** | § | |

ARNOLD BALLINGER, LASHONDA M.     §
HENDERSON, JULISSA RUIZ, BRIAN     §
REGO AND VIET TRAN     §
    §
    *Plaintiffs,*     §
    §
VS.     §        HARRIS COUNTY, TEXAS
    §
WATSON VALVE SERVICES, INC.,     §
WATSON GRINDING AND     §
MANUFACTURING, CO.     §
    §
    §
    *Defendants.*     §        55TH JUDICIAL DISTRICT

## NOTICE OF ORAL HEARING

Please take notice that a *Plaintiffs' Motion to Consolidate* has been set for an oral hearing

on **Friday, February 7, 2020 at 8:30a.m.** in the 281st Judicial District Court of Harris County,

Texas.

KWOK DANIEL LTD., L.L.P.

*/s/ J. Ryan Loya*
**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
**Joshua R. Leal**
SBN: 24048609
**Alex P. Boylhart**
SBN: 24087198
**William W. Hoke***
SBN: 24046086
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
Email: rloya@kwoklaw.com
Email: jleal@kwoklaw.com
Email: aboylhart@kwoklaw.com
Email: whoke@whokelaw.com
* Of Counsel
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record as listed below by either hand delivery, certified mail-return receipt requested, or facsimile transmission, on this the 30th day of January, 2020

***Via E-Serve***
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

***Via E-Serve***
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ J. Ryan Loya*
J. Ryan Loya

1/30/2020 11:08:00 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40414522
By: LUGO, BONNIE
Filed: 1/30/2020 11:08:00 AM

CAUSE NO. 2020-04959

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR. and | § | IN THE DISTRICT COURT OF |
| INGRID MIRANDA | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC. and | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO. | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

CAUSE NO. 2020-05505

| | | |
|---|---|---|
| TRAVIS HORTON, ANDREA HORTON, | § | IN THE DISTRICT COURT OF |
| DAVID RAINS, DANIELA CORTEZ, | § | |
| MARIO RUIZ, DANIEL DRAWSAND, | § | |
| CATHERINE DRAWSAND, ANDRES | § | |
| UNRIOSTEGUI, MARIA URIOSTEGUI, | § | |
| BENITO HERNANDEZ, MARIA | § | |
| HERNANDEZ, JUAN TORRES, MARIA J. | § | |
| HERNANDEZ, ROZALINDA GOMEZ, | § | |
| FRANCISCO LOZANO, LETICIA | § | |
| ALARCON, MARIO GINALDO MARIA | § | |
| GINALDO, MIGUEL PUENTE SALAZAR, | § | |
| MARIA SALAZAR, KEVIN ARGO, | § | |
| LEONOR BELTRAN, ELBA LEMUS, | § | |
| DANIEL JUAREZ, CATHERINE | § | |
| NORTON, BICH DAO NGUYEN, | § | |
| HOMERO REGALDO, ADAM ONTOYA- | § | |
| TORRES, VICTORIA TORRES, PAMELA | § | |
| ROBERSON, KAREN FORD TODD, | § | |
| TRIVIA DOUGLAS, CYNTHIA TATES, | § | |
| EDITH VAESA, PHONG NGUYEN, | § | |
| DAN BERRY ARGO STACY ARGO, | § | |
| RICHARD GANNON, AMBER LANE, | § | |
| ALISON LONG, JOSEPH CROPPER, | § | |
| EVER OMAR BAUTISTA, JOSE | § | |
| ROMERO, MAYRA REYES, LUZ MARIA | § | |
| VILLA, FERNANDA PIERRE, ROBERT | § | |
| OJEDA, MARCOS RAMOS, EVELYN | § | |
| IBARRA, LAWRENCE SEPULVEDA, | § | |
| TERRI SEPLUVEDA, CHRIS SANTIFF, | § | |
| CATHERINE LAAKE, SERGIO CRUZ, | § | |

**ARNOLD BALLINGER, LASHONDA M.**     §
**HENDERSON, JULISSA RUIZ, BRIAN**     §
**REGO, AND VIET TRAN**     §
     §
     *Plaintiffs,*     §
     §
**VS.**     §          **HARRIS COUNTY, TEXAS**
     §
**WATSON VALVE SERVICES, INC.,**     §
**WATSON GRINDING AND**     §
**MANUFACTURING, CO.**     §
     §
     §
     *Defendants.*     §          **55th JUDICIAL DISTRICT**

<u>**PLAINTIFFS' MOTION TO CONSOLIDATE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRAVIS HORTON, ANDREA HORTON, DAVID RAINS, DANIELA CORTEZ, MARIO RUIZ, DANIEL DRAWSAND, CATHERINE DRAWSAND, ANDRES UNRIOSTEGUI, MARIA URIOSTEGUI, BENITO HERNANDEZ, MARIA HERNANDEZ, JUAN TORRES, MARIA J. HERNANDEZ, ROZALINDA GOMEZ, FRANCISCO LOZANO, LETICIA ALARCON, MARIO GINALDO, MARIA GINALDO, MIGUEL PUENTE SALAZAR, MARIA SALAZAR, KEVIN ARGO, LEONOR BELTRAN, ELBA LEMUS, DANIEL JUAREZ, CATHERINE NORTON, BICHDAO NGUYEN, HOMERO REGALDO, ADAM ONTOYA-TORRES, VICTORIA ONTOYA-TORRES, PAMELA ROBERTSON, KAREN FORD TODD, TRIVIA DOUGLAS, CYNTHIA TATES, EDITH VAESA, PHONG NGUYEN, DAN BERRY ARGO, STACY ARGO, RICHARD GANNON, AMBER LANE, ALISON LONG, JOSEPH CROPPER, EVER OMAR BAUTISTA, JOSE ROMERO, MAYRA REYES, LUZ MARIA VILLA, FERNANDA PIERRE, ROBERT OJEDA, MARCOS RAMOS, EVELYN IBARRA, LAWRENCE SEPULVEDA, TERRI SEPLUVEDA, CHRIS SANTIFF, CATHERINE LAAKE, SERGIO CRUZ, ARNOLD BALLINGER, LASHONDA M. HENDERSON AND JULISSA RUIZ, BRIAN REGO and VIET TRAN Plaintiffs in the above-styled and numbered cause, files their Motion to Consolidate,

asking the Court to consolidate Cause No. 2020-05505 *Travis Horton, et. al. v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.;* in the 55th Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo* ("Miranda Plaintiffs") filed their application against Defendants, *Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.* ("Watson Defendants") for seeking a restraining order and injunctive relief arising out of an explosion that occurred at Defendants' premises on January 24, 2020. On January 27, 2020, the Miranda Plaintiffs brough affirmative claims seeking economic and non-economic damages.

2.      Plaintiffs in Cause No. 2020-05505, filed suit against the Watson Defendants on January 27, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

3.      These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV.

P. 174(a); *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.      The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in an unfair trial.

6.      Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases for discovery and trial is practical and proper.

### III.
### CONCLUSION

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases will likely eliminate duplicative efforts.

### IV.
### PRAYER

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, all parties agree to the consolidation of Cause No. 2020-05505 *Travis Horton, et. al. v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; in the 55th Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson*

*Valve Services, Inc., Watson Grinding and Manufacturing, Co.*

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

*/s/ Robert S. Kwok*

**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
**Joshua R. Leal**
SBN: 24048609
**Alex P. Boylhart**
SBN: 24087198
**William W. Hoke***
SBN: 24046086
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
* Of Counsel

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and does not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on January 30, 2020.

*Via E-Serve*
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

*Via E-Serve*
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Robert S. Kwok*
Robert S. Kwok

1/30/2020 11:08:00 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40414522
By: LUGO, BONNIE
Filed: 1/30/2020 11:08:00 AM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC. and** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281ˢᵗ JUDICIAL DISTRICT** |

## CAUSE NO. 2020-05505

| | | |
|---|---|---|
| **TRAVIS HORTON, ANDREA HORTON,** | § | **IN THE DISTRICT COURT OF** |
| **DAVID RAINS, DANIELA CORTEZ,** | § | |
| **MARIO RUIZ, DANIEL DRAWSAND,** | § | |
| **CATHERINE DRAWSAND, ANDRES** | § | |
| **UNRIOSTEGUI, MARIA URIOSTEGUI,** | § | |
| **BENITO HERNANDEZ, MARIA** | § | |
| **HERNANDEZ, JUAN TORRES, MARIA J.** | § | |
| **HERNANDEZ, ROZALINDA GOMEZ,** | § | |
| **FRANCISCO LOZANO, LETICIA** | § | |
| **ALARCON, MARIO GINALDO MARIA** | § | |
| **GINALDO, MIGUEL PUENTE SALAZAR,** | § | |
| **MARIA SALAZAR, KEVIN ARGO,** | § | |
| **LEONOR BELTRAN, ELBA LEMUS,** | § | |
| **DANIEL JUAREZ, CATHERINE** | § | |
| **NORTON, BICH DAO NGUYEN,** | § | |
| **HOMERO REGALDO, ADAM ONTOYA-** | § | |
| **TORRES, VICTORIA TORRES, PAMELA** | § | |
| **ROBERSON, KAREN FORD TODD,** | § | |
| **TRIVIA DOUGLAS, CYNTHIA TATES,** | § | |
| **EDITH VAESA, PHONG NGUYEN,** | § | |
| **DAN BERRY ARGO STACY ARGO,** | § | |
| **RICHARD GANNON, AMBER LANE,** | § | |
| **ALISON LONG, JOSEPH CROPPER,** | § | |
| **EVER OMAR BAUTISTA, JOSE** | § | |
| **ROMERO, MAYRA REYES, LUZ MARIA** | § | |
| **VILLA, FERNANDA PIERRE, ROBERT** | § | |
| **OJEDA, MARCOS RAMOS, EVELYN** | § | |
| **IBARRA, LAWRENCE SEPULVEDA,** | § | |
| **TERRI SEPLUVEDA, CHRIS SANTIFF,** | § | |
| **CATHERINE LAAKE, SERGIO CRUZ,** | § | |
| **ARNOLD BALLINGER, LASHONDA M.** | § | |
| **HENDERSON, JULISSA RUIZ, BRIAN** | § | |

1

| | | |
|---|---|---|
| **REGO, AND VIET TRAN** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **55th JUDICIAL DISTRICT** |

### ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

BE IT REMEMBERED that on the _____ day of _____, 2020, came on to be heard Plaintiffs *Travis Horton, et. al. v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co;* In the 55th District Court of Harris County, Texas, into this cause for both discovery and trial purposes. The Court, having considered said Motion, finds that it should be GRANTED. It is therefore:

ORDERED that Cause No. 2020-05505 *Travis Horton, et. al. v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.;* In the 55th District Court of Harris County, Texas ("transferred cause"), is hereby CONSOLIDATED into this cause, and that the District Clerk is ordered to transfer all papers and matters relating to said transferred cause to Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.;* In the 281st District Court of Harris County, Texas.

SIGNED this _____ day of _____, 2020.

_____
JUDGE PRESIDING

2

1/31/2020 4:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40472912
By: Bonnie Lugo
Filed: 1/31/2020 4:11 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR.,** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA, DANIEL BRAVO** | § | |
| **AND ERICA BRAVO** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281st JUDICIAL DISTRICT** |

## CAUSE NO. 2020-06877

| | | |
|---|---|---|
| **STEVEN REAGLE, JESSIE SEWEL,** | § | **IN THE DISTRICT COURT OF** |
| **JOHNNY VILLALPANDO, DIANA** | § | |
| **VILLALPANDO, SERGIO CRUZ, JR.,** | § | |
| **NOE CRUZ, OMAR CRUZ, OLIVA** | § | |
| **FLORES, ANNIE TYLER, BLANCA** | § | |
| **SOLORZANO, DAVID SOLORAZANO,** | § | |
| **MARIELA GARCIA, LEONEL GARCIA,** | § | |
| **JORGE CUBAS, FLOR D. CUBAS,** | § | |
| **CUONG VO, HUNG DUC PHAM,** | § | |
| **SYLVIA GARZA, TATIANA MARTINEZ,** | § | |
| **SILVIA AREVALO, FREDDY SANCHEZ,** | § | |
| **ELOY ORTEGA, CINDY ORTEGA,** | § | |
| **PATRICIA PARTALES, MARIA** | § | |
| **HERNANDEZ, PATRICIO HERNANDEZ,** | § | |
| **MIGUEL CORDERO, LIDIA HARRISON,** | § | |
| **GUADALUPE CASTRO, REBECCA** | § | |
| **MCKEEHAN, KAREN LAAKE, MAYRA** | § | |
| **BENITEZ, ERNESTO BENITEZ, WENDY** | § | |
| **NGUYEN, MARIA BARAJAS, JOHN** | § | |
| **BACCAM, ANGELINE GARZA,** | § | |
| **IRLANDA COPELAND, KYLE MATHIS,** | § | |
| **EMILY PEREZ, BRENDA PHAM,** | § | |
| **SOTAURA TYLER, JOSE TOVAR,** | § | |
| **CANDY TOVAR, DAISY LOZANO,** | § | |
| **JASMIN SERNA, FARAH ALBANIA,** | § | |
| **DANA FEASTER, AMELIA DIOSDADO,** | § | |
| **REYMUNDO CEBALLOS, LAURA** | § | |
| **CEBALLOS, KELLY MALADY,** | § | |
| **EDUARDO FLORES, MARIA DIOSADO,** | § | |
| **KARLA RODRIGUEZ, ERIKA FLORES,** | § | |

| | | |
|---|---|---|
| **MARICELA FLORES, YESSICA** | § | |
| **GONZALEZ, MICHAEL SALAZAR,** | § | |
| **FRANK PETERS, MARTIN BOADO,** | § | |
| **JOSE MATA, ROCHELLE** | § | |
| **FEASTER AND DANA FEASTER** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **295TH JUDICIAL DISTRICT** |

## <u>NOTICE OF ORAL HEARING</u>

Please take notice that a *Plaintiffs' Motion to Consolidate* has been set for an oral hearing on **<u>Friday, February 7, 2020 at 8:30a.m.</u>** in the 281st Judicial District Court of Harris County, Texas.

Respectfully Submitted,

[Respectfully submitted]

**KWOK DANIEL LTD., L.L.P.**

*/s/ Robert S. Kwok*

**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
**Joshua R. Leal**
SBN: 24048609
**Alex P. Boylhart**
SBN: 24087198
**William W. Hoke***
SBN: 24046086
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
Email: rloya@kwoklaw.com
Email: jleal@kwoklaw.com
Email: aboylhart@kwoklaw.com
Email: whoke@whokelaw.com
* Of Counsel

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record as listed below by either hand delivery, certified mail-return receipt requested, or facsimile transmission, on this the 31ˢᵗ day of January, 2020

*Via E-Serve*
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

*Via E-Serve*
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Robert S. Kwok*
Robert S. Kwok

1/31/2020 4:11:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40472912
By: LUGO, BONNIE
Filed: 1/31/2020 4:11:28 PM

CAUSE NO. 2020-04959

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR. and | § | IN THE DISTRICT COURT OF |
| INGRID MIRANDA | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC. and | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO. | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

CAUSE NO. 2020-06877

| | | |
|---|---|---|
| STEVEN REAGLE, JESSIE SEWEL, | § | IN THE DISTRICT COURT OF |
| JOHNNY VILLALPANDO, DIANA | § | |
| VILLALPANDO, SERGIO CRUZ, JR., | § | |
| NOE CRUZ, OMAR CRUZ, OLIVA | § | |
| FLORES, ANNIE TYLER, BLANCA | § | |
| SOLORZANO, DAVID SOLORAZANO, | § | |
| MARIELA GARCIA, LEONEL GARCIA, | § | |
| JORGE CUBAS, FLOR D. CUBAS, | § | |
| CUONG VO, HUNG DUC PHAM, | § | |
| SYLVIA GARZA, TATIANA MARTINEZ, | § | |
| SILVIA AREVALO, FREDDY SANCHEZ, | § | |
| ELOY ORTEGA, CINDY ORTEGA, | § | |
| PATRICIA PARTALES, MARIA | § | |
| HERNANDEZ, PATRICIO HERNANDEZ, | § | |
| MIGUEL CORDERO, LIDIA HARRISON, | § | |
| GUADALUPE CASTRO, REBECCA | § | |
| MCKEEHAN, KAREN LAAKE, MAYRA | § | |
| BENITEZ, ERNESTO BENITEZ, WENDY | § | |
| NGUYEN, MARIA BARAJAS, JOHN | § | |
| BACCAM, ANGELINE GARZA, | § | |
| IRLANDA COPELAND, KYLE MATHIS, | § | |
| EMILY PEREZ, BRENDA PHAM, | § | |
| SOTAURA TYLER, JOSE TOVAR, | § | |
| CANDY TOVAR, DAISY LOZANO, | § | |
| JASMIN SERNA, FARAH ALBANIA, | § | |
| DANA FEASTER, AMELIA DIOSDADO, | § | |
| REYMUNDO CEBALLOS, LAURA | § | |
| CEBALLOS, KELLY MALADY, | § | |
| EDUARDO FLORES, MARIA DIOSADO, | § | |
| KARLA RODRIGUEZ, ERIKA FLORES, | § | |
| MARICELA FLORES, YESSICA | § | |
| GONZALEZ, MICHAEL SALAZAR, | § | |
| FRANK PETERS, MARTIN BOADO, | § | |

JOSE MATA, ROCHELLE                §
FEASTER AND DANA FEASTER           §
                                   §
        *Plaintiffs,*              §
                                   §
VS.                                §                    HARRIS COUNTY, TEXAS
                                   §
WATSON VALVE SERVICES, INC.,       §
WATSON GRINDING AND                §
MANUFACTURING, CO.                 §
                                   §
                                   §
        *Defendants.*              §                    295TH JUDICIAL DISTRICT

## PLAINTIFFS' MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STEVEN REAGLE, JESSIE SEWEL, JOHNNY VILLALPANDO, DIANA VILLALPANDO, SERGIO CRUZ, JR., NOE CRUZ, OMAR CRUZ, OLIVA FLORES, ANNIE TYLER, BLANCA SOLORZANO, DAVID SOLORZANO, MARIELA GARICA, LEONEL GARCIA, JORGE CUBAS, FLOR CUBAS, CUONG VO, HUNG DUC PHAM, SYLVIA GARZA, TATIANA MARTINEZ, SILVIA AREVALO, FREDDY SANCHEZ, ELOY ORTEGA, CINDY ORTEGA, PATRICIA PARTALES, MARIA HERNANDEZ, PATRICIO HERNANDEZ, MIGUEL CORDERO, LIDIA HARRISON, GUADALUPE CASTRO, REBECCA MCKEEHAN, KAREN LAAKE, MAYRA BENITEZ, ERNESTO BENITEZ, WENDY NGUYEN, MARIA BARAJAS, JOHN BACCAM, ANGELINE GARZA, IRLANDA COPELAND, KYLE MATHIS, EMILY PEREZ, BRENDA PHAM, SOTAURA TYLER, JOSE TOVAR, CANDY TOVAR, DAISY LOZANO, JASMIN SERNA, FARAH ALBANIA, DANA FEASTER, AMELIA DIOSDADO, REYMUNDO CEBALLOS, LAURA CEBALLOS, KELLY MALADY, EDUARDO FLORES, MARIA DIOSADO, KARLA RODRIGUEZ, ERIKA FLORES, MARICELA FLORES, YESSICA GONZALEZ, MICHAEL SALAZAR, FRANK PETERS, MARTIN BOADO, JOSE MATA, ROCHELLE FEASTER AND DANA FEASTER Plaintiffs in the above-styled and numbered cause, files their Motion to Consolidate, asking the  Court to consolidate Cause No. 2020-06877 *Steven*

*Reagle, et. al. v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.;* in the 295th Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo* ("Miranda Plaintiffs") filed their application against Defendants, *Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.* ("Watson Defendants") for seeking a restraining order and injunctive relief arising out of an explosion that occurred at Defendants' premises on January 24, 2020. On January 27, 2020, the Miranda Plaintiffs brough affirmative claims seeking economic and non-economic damages.

2.      Plaintiffs in Cause No. 2020-06877, filed suit against the Watson Defendants on January 31, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

3.      These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV. P. 174(a); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford,*

*Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.      The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in an unfair trial.

6.      Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases for discovery and trial is practical and proper.

## III.
## CONCLUSION

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases will likely eliminate duplicative efforts.

## IV.
## PRAYER

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, all parties agree to the consolidation of Cause No. 2020-06877 *Steven Reagle, et. al. v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; in the 295th Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

*/s/ Robert S. Kwok*

**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
**Joshua R. Leal**
SBN: 24048609
**Alex P. Boylhart**
SBN: 24087198
**William W. Hoke\***
SBN: 24046086
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
* Of Counsel

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and does not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on January 31, 2020.

*Via E-Serve*
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

*Via E-Serve*
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Robert S. Kwok*
Robert S. Kwok

1/31/2020 4:11:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40472912
By: LUGO, BONNIE
Filed: 1/31/2020 4:11:28 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR. and | § | IN THE DISTRICT COURT OF |
| INGRID MIRANDA | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC. and | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO. | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

## CAUSE NO. 2020-06877

| | | |
|---|---|---|
| STEVEN REAGLE, JESSIE SEWEL, | § | IN THE DISTRICT COURT OF |
| JOHNNY VILLALPANDO, DIANA | § | |
| VILLALPANDO, SERGIO CRUZ, JR., | § | |
| NOE CRUZ, OMAR CRUZ, OLIVA | § | |
| FLORES, ANNIE TYLER, BLANCA | § | |
| SOLORZANO, DAVID SOLORAZANO, | § | |
| MARIELA GARCIA, LEONEL GARCIA, | § | |
| JORGE CUBAS, FLOR D. CUBAS, | § | |
| CUONG VO, HUNG DUC PHAM, | § | |
| SYLVIA GARZA, TATIANA MARTINEZ, | § | |
| SILVIA AREVALO, FREDDY SANCHEZ, | § | |
| ELOY ORTEGA, CINDY ORTEGA, | § | |
| PATRICIA PARTALES, MARIA | § | |
| HERNANDEZ, PATRICIO HERNANDEZ, | § | |
| MIGUEL CORDERO, LIDIA HARRISON, | § | |
| GUADALUPE CASTRO, REBECCA | § | |
| MCKEEHAN, KAREN LAAKE, MAYRA | § | |
| BENITEZ, ERNESTO BENITEZ, WENDY | § | |
| NGUYEN, MARIA BARAJAS, JOHN | § | |
| BACCAM, ANGELINE GARZA, | § | |
| IRLANDA COPELAND, KYLE MATHIS, | § | |
| EMILY PEREZ, BRENDA PHAM, | § | |
| SOTAURA TYLER, JOSE TOVAR, | § | |
| CANDY TOVAR, DAISY LOZANO, | § | |
| JASMIN SERNA, FARAH ALBANIA, | § | |
| DANA FEASTER, AMELIA DIOSDADO, | § | |
| REYMUNDO CEBALLOS, LAURA | § | |
| CEBALLOS, KELLY MALADY, | § | |
| EDUARDO FLORES, MARIA DIOSADO, | § | |
| KARLA RODRIGUEZ, ERIKA FLORES, | § | |
| MARICELA FLORES, YESSICA | § | |
| GONZALEZ, MICHAEL SALAZAR, | § | |

1

| | | |
|---|---|---|
| **FRANK PETERS, MARTIN BOADO,** | § | |
| **JOSE MATA, ROCHELLE** | § | |
| **FEASTER AND DANA FEASTER** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **295TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

BE IT REMEMBERED that on the _____ day of _____, 2020, came

on to be heard Plaintiffs *Steven Reagle, et. al. v. Watson Valve Services, Inc., Watson Grinding*

*and Manufacturing, Co;* In the 295th District Court of Harris County, Texas, into this cause for

both discovery and trial purposes. The Court, having considered said Motion, finds that it should

be GRANTED. It is therefore:

ORDERED that Cause No. 2020-06877*; Steven Reagle, et. al. v. Watson Valve Services,*

*Inc., Watson Grinding and Manufacturing, Co.;* In the 295th District Court of Harris County, Texas

("transferred cause"), is hereby CONSOLIDATED into this cause, and that the District Clerk is

ordered to transfer all papers and matters relating to said transferred cause to Cause No. 2020-

04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve*

*Services, Inc., Watson Grinding and Manufacturing, Co.;* In the 281st District Court of Harris

County, Texas.

SIGNED this _____ day of _____, 2020.


_____
JUDGE PRESIDING

2

2/3/2020 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40490475
By: Bonnie Lugo
Filed: 2/3/2020 10:06 AM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

## CAUSE NO. 2020-05281

| | | |
|---|---|---|
| **DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN** | § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **133RD JUDICIAL DISTRICT** |

## <u>PLAINTIFFS' MOTION TO CONSOLIDATE</u>

TO THE HONORABLE JUDGE CHRISTINE WEEMS:

COMES NOW, DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG

NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN

("Plaintiffs"), and file this Motion to Consolidate, asking the  Court to consolidate Cause

No.

Cause No. 2020-05281; *Duong Tung La, Kelly Thu Nguyen, Jennifer Phoung Nguyen, Bich-Nga Thi Le, Dau Thi Hoang, and Vi Hoang Kim Wanningman v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.* into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

**I.**
**FACTUAL & PROCEDURAL BACKGROUND**

1.    On January 24, 2020, Plaintiffs *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo* ("Miranda Plaintiffs") filed their application against Defendants, *Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.* ("Watson Defendants") for seeking a restraining order and injunctive relief arising out of an explosion that occurred at Defendants' premises on January 24, 2020. On January 27, 2020, the Miranda Plaintiffs brough affirmative claims seeking economic and non-economic damages.

2.    Plaintiffs in Cause No. 2020-05281 filed suit against the Watson Defendants on January 27, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

3.    These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV. P. 174(a); *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.      The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in an unfair trial.

6.      Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases is practical and proper.

**III.**
**CONCLUSION**

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases will likely eliminate duplicative efforts.

**IV.**
**PRAYER**

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, all parties agree to the consolidation of Cause No. 2020-05281; *Duong Tung La, Kelly Thu Nguyen, Jennifer Phoung Nguyen, Bich-Nga Thi Le, Dau Thi Hoang, and Vi Hoang Kim Wanningman v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.*; In the 333rd Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*.

Respectfully submitted,

**McMILLAN FIRM, P.L.L.C.**

By: _____
Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## <u>CERTIFICATE OF SERVICE</u>

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and does not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on February 3, 2020.

*Via E-Serve*
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

*Via E-Serve*
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Chance A. McMillan*
**CHANCE A. MCMILLAN**

**CAUSE NO. 2020-04959**

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR. and INGRID MIRANDA | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | §<br>§<br>§ | |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. | §<br>§<br>§<br>§<br>§ | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

**CAUSE NO. 2020-05281**

| | | |
|---|---|---|
| DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | §<br>§ | |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO. | §<br>§<br>§<br>§<br>§ | |
| *Defendants.* | § | 133RD JUDICIAL DISTRICT |

## ORDER

On this day came the Plaintiffs, by and through their attorney of record, and filed their Motion to Consolidate, the Court finds that Plaintiffs' Motion to Consolidate is ***GRANTED***. It is, therefore,

***ORDERED*** that Cause No. 2020-05281, in the 133rd Judicial District of Harris County, styled *Doung Tung La, Kelly Thu Nguyen, Jennifer Phoung Nguyen, Bich-Nga*

*Thi Le, Dau Thi Hoang and Vi Hoang Kim Wannigman v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.,* be consolidated with the present suit under Cause No. 2020-04959 for all purposes, pursuant to Rule 174(a) of the Texas Rules of Civil Procedure.

      SIGNED this _____ day of _____, 2020.

_____
**JUDGE PRESIDING**

2/3/2020 2:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40505370
By: SIMONE MILLS
Filed: 2/3/2020 2:15 PM



# K W O K ● D A N I E L
## T R I A L   L A W Y E R S

9805 KATY FREEWAY, SUITE 850  |  HOUSTON, TEXAS 77024
WWW.KWOKLAW.COM  |  TEL: 713.773.3380  |  FAX: 713.773.3960  |  888.466.KWOK(5965)

February 3, 2020

John V. McCoy                                        *Via Email: jmccoy@mlllaw.com*
Michael I. Ramirez
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

**Re:** **Cause No. 2020-04959;** *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo and Erica Bravo vs. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.;* **In the 281st Judicial District Court of Harris County Texas.**

## RULE 11 AGREEMENT

Dear Mr. McCoy:

The undersigned Plaintiffs have TROs against your clients, the Watson Defendants ("Watson") and now enter into this Rule 11 Agreement, per Watson's request, for Watson to download and preserve the servers in an adjacent building to the spray room.

You have informed us the spray room has a wall that is currently leaning and could possibly collapse at any time, and Watson's structural engineer cannot brace it. Some of the propylene piping is connected in that room and Watson wants to make cuts on the piping to preserve it. You will allow any of the undersigned attorneys and their experts to observe, photograph/video the work as it is done.

Watson agrees that any removed evidence pursuant to this agreement will be stored in a secure location at their expense.

We therefore agree for Watson to complete the downloads, take and preserve the documents, and make the required cuts on the piping in case the wall collapses and alters the current layout of the spray room, and agree to waive our rights under our existing TROs, for the limited activities described in this agreement.

Very truly yours,

**KWOK DANIEL LTD LLP**

*/s/ Robert. S. Kwok*

Robert S. Kwok

[Signatures on next page]

Rule 11 Agreement
February 3, 2020
Page 2 of 2


## AGREED & ACCEPTED:


*/s/ John McCoy*
John McCoy, Counsel for Watson


*/s/ Ernest Geiger*
Ernest Geiger, Counsel for Watson


*/s/ Muhammad Aziz*
Muhammad Aziz, Counsel for Margarita Flores, Ind.
And as Personal Rep. of Frank Flores, Deceased, et.al.


*/s/ Robert S. Kwok*
Robert S. Kwok/J. Ryan Loya, Counsel for
Rigoberto Miranda Jr., et. al.


*/s/ Joel Simon*
Joel Simon, Counsel for Sean Rangel


*/s/ Eric B. Dick*
Eric B. Dick, Counsel for Sophia Navarro


*/s/ Byron Alfred*
Byron Alfred, Counsel for Yesenia Ayala, et.al.


*/s/ Greg Cox*
Greg Cox, Counsel for Ramon Cortez, et. al.


*/s/ Rock Owens*
Rock Owen, Counsel for Harris County Texas

*/s/ Steven O. Grubbs*
Steven O. Grubbs, Counsel for

2/3/2020 3:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40512953
By: Bonnie Lugo
Filed: 2/3/2020 3:52 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO and ERICA BRAVO** | § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

### FIRST AMENDED NOTICE OF ORAL HEARING

Please take notice that a *Plaintiffs' Application for Temporary Injunction* has been re-set for an oral hearing on **Friday, February 7, 2020 at 8:30 a.m.** in the 281st Judicial District Court of Harris County, Texas.

Respectfully Submitted,

**KWOK DANIEL LTD., L.L.P.**

*/s/ Robert S. Kwok*
**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
**Joshua R. Leal**
SBN: 24048609
**Alex P. Boylhart**
SBN: 24087198
**William W. Hoke***
SBN: 24046086
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
Email: rloya@kwoklaw.com
Email: jleal@kwoklaw.com
Email: aboylhart@kwoklaw.com
Email: whoke@whokelaw.com
* Of Counsel
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record as listed below by either hand delivery, certified mail-return receipt requested, or facsimile transmission, on this the 3rd day of February, 2020

***Via E-Serve***
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

***Via E-Serve***
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Robert S. Kwok*
Robert S. Kwok

2/4/2020 6:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40556938
By: Bonnie Lugo
Filed: 2/4/2020 6:14 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC. and** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281st JUDICIAL DISTRICT** |

## CAUSE NO. 2020-05250

| | | |
|---|---|---|
| **MARGARITA FLORES, INDIVIDUALLY** | § | **IN THE DISTRICT COURT OF** |
| **AND AS PERSONAL REPRESENTATIVE** | § | |
| **OF THE ESTATE OF FRANK FLORES,** | § | |
| **DECEASED, MAGGIE RIVERA and** | § | |
| **FABIAN FLORES,** | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **295th JUDICIAL DISTRICT** |

## PLAINTIFFS' MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs *Margarita Flores, Individually and as Personal Representative of the Estate of Frank Flores, Deceased, Maggie Rivera and Fabian Flores* ("Plaintiffs") and file this Motion to Consolidate, asking the Court to consolidate Cause No. 2020-05250 into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,*

for discovery only, and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo* ("Miranda Plaintiffs") filed suit against Defendants, *Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.* ("Watson Defendants") seeking a restraining order and injunctive relief arising out of the January 24, 2020, explosion that occurred at Defendants' premises.

2.      Plaintiffs in Cause No. 2020-05250, filed suit against the Watson Defendants on January 27, 2020, for the same incident made the basis of the Miranda Plaintiffs' case. Plaintiffs' suit arises from the death of Decedent Frank Flores.

3.      These cases relate to each other and share common questions of liability as each case stems from the same explosion and involve litigation against the Watson Defendants.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV. P. 174(a); *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 207 (Tex. 2004). Courts may consolidate cases for the sole purpose of discovery. *Torres v. Scott & White Clinic*, NO. 03-04-00575-CV, 2006 Tex. App. LEXIS 3532 (Tex. App.—Austin [3rd Dist.] 2006, no writ).

5.      The Court should consolidate for discovery this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; In the 281st District Court of Harris County, Texas.

Relatedness is present because this case arises from the same occurrence and involve common questions of liability against the Watson Defendants.[1]

6.      These two cases were filed days apart and are at the same early stage of discovery. As a result, discovery, including written discovery and oral depositions, and other related matters in each of these cases will overlap substantially. Discovery should not be duplicative in time, response, and expense.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases for discovery is practical and proper.

### III.
### CONCLUSION

8.      Based on the foregoing, it is practicable to consolidate these cases for discovery to avoid unnecessary costs and expenses by the parties and to eliminate duplicative efforts.

### IV.
### PRAYER

9.      In the interests of efficiency, judicial economy, and to avoid unnecessary costs and undue delay, Plaintiffs request that the Court consolidate for discovery Cause No. 2020-05250; *Margarita Flores, Individually and as Personal Representative of the Estate of Frank Flores, Deceased, Maggie Rivera and Fabian Flores v. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd. and KMHJ Management Company, LLC*; In the 295th Judicial District Court of Harris County, Texas into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson*

---

[1] Plaintiffs reserve the right to return to the 295th District Court for trial once sufficient liability discovery has been completed.

*Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; In the 281st Judicial District Court of Harris County, Texas.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO, AZIZ & STOGNER**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
State Bar No. 24043538
KARL P. LONG
State Bar No. 24070162
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 – Telephone
(713) 225-0827 – Facsimile
maziz@awtxlaw.com
klong@awtxlaw.com

-AND-

**THE LAW OFFICE OF BILAAL BADAT, PLLC**

*/s/ BILAAL BADAT*
_____
BILAAL BADAT
State Bar No. 24096010
4151 Southwest Freeway., Suite 320
Houston, Texas 77027
(713) 689-9805- Telephone
bilaalbadat.law@outlook.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and do not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on February 4, 2020.

*Via E-Service*
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

*Via E-Service*
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

/s/Muhammad S. Aziz
Muhammad S. Aziz

2/4/2020 6:14:34 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40556938
By: LUGO, BONNIE
Filed: 2/4/2020 6:14:34 PM

**CAUSE NO. 2020-04959**

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC. and** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281st JUDICIAL DISTRICT** |

**CAUSE NO. 2020-05250**

| | | |
|---|---|---|
| **MARGARITA FLORES, INDIVIDUALLY** | § | **IN THE DISTRICT COURT OF** |
| **AND AS PERSONAL REPRESENTATIVE** | § | |
| **OF THE ESTATE OF FRANK FLORES,** | § | |
| **DECEASED, MAGGIE RIVERA and** | § | |
| **FABIAN FLORES,** | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **295th JUDICIAL DISTRICT** |

**<u>ORDER</u>**

On this day, the Court considered on written submission the Plaintiffs' Motion to Consolidate Discovery. After considering the Motion, any response, the pleadings, the discovery on file, and any evidence, the Court hereby GRANTS the Motion in all things and ORDERS:

1. That the cause styled *Margarita Flores, Individually and as Personal Representative*

*of the Estate of Frank Flores, Deceased, Maggie Rivera and Fabian Flores v. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd. and KMHJ Management Company, LLC*, Cause No. 2020-05250, In the 295th Judicial District Court of Harris County, Texas, and the cause styled *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co*, Cause No. 2020-04959, In the 281st Judicial District Court of Harris County, Texas are hereby:

2.  consolidated in this Court for discovery purposes only;

3.  that the causes not be consolidated for any other purposes other than discovery;

4.  that separate judgments be reached in each action; and

5.  that the respective causes remain as separate actions on the dockets of the respective Courts for all purposes other than discovery.

SIGNED on this the _____ day of _____, 2020.

_____
JUDGE PRESIDING

2/5/2020 4:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40591751
By: Bonnie Lugo
Filed: 2/5/2020 4:03 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

## CAUSE NO. 2020-08062

| | | |
|---|---|---|
| **GILBERTO FIGUEROA AND ISABELLA FIGUEROA** *Plaintiffs,* | § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC. AND KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC.** | § § § § § § § § § | |
| *Defendants.* | § | **61st JUDICIAL DISTRICT** |

## PLAINTIFFS' MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE CHRISTINE WEEMS:

COMES NOW, GILBERTO FIGUEROA and ISABELLA FIGUEROA ("Plaintiffs"),

and file this Motion to Consolidate, asking the  Court to consolidate Cause No.

Cause No. 2020-08062; *Gilberto Figueroa and Isabella Figueroa v. Watson Valve*

*Services, Inc. and Watson Grinding and Manufacturing, Co.* into the subject case pending

before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel*

*Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs were at their respective homes in Northwest Houston when an explosion occurred at the Watson Plant.  The explosion destroyed nearby commercial and residential buildings and resulted in damages to Plaintiffs' personal property.  It is believed that the explosion was caused by a combination of propylene and natural gas which were near each other at the Watson Plant.  It is not yet known how propylene was stored at Defendants' facility, but if a company has more than 10,000 pounds of propylene, it is required to have a Risk Management Plan on file with the Environmental Protection Agency.  Defendants did not and do not have a Risk Management Plan on file.

2.      Plaintiffs in Cause No. 2020-08062 filed suit against the Watson Defendants on February 4, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

3.      These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV. P. 174(a); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.      The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in an unfair trial.

6.      Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases is practical and proper.

**III.**
**CONCLUSION**

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases will likely eliminate duplicative efforts.

**IV.**
**PRAYER**

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, all parties agree to the consolidation of Cause No. 2020-08062; *Gilberto Figueroa and Isabella Figueroa v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.*; In the 61st Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*

Respectfully submitted,

**MCMILLAN FIRM, P.L.L.C.**

By: _____
Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## <u>CERTIFICATE OF SERVICE</u>

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and does not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on February 5, 2020.

*Via E-Serve*
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

*Via E-Serve*
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Chance A. McMillan*
**CHANCE A. MCMILLAN**

**CAUSE NO. 2020-04959**

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC. and** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

**CAUSE NO. 2020-08062**

| | | |
|---|---|---|
| **GILBERTO FIGUEROA AND** | § | **IN THE DISTRICT COURT OF** |
| **ISABELLA FIGUEROA** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC. AND KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC,** | § | |
| **KMHJ, LTD., WESTERN** | § | |
| **INTERNATIONAL GAS & CYLINDERS,** | § | |
| **INC., AND MATHESON TRI-GAS, INC.** | § | |
| | § | |
| *Defendants*. | § | **61st JUDICIAL DISTRICT** |

## <u>ORDER</u>

On this day came the Plaintiffs', by and through their attorney of record, and filed

their Motion to Consolidate, the Court finds that Plaintiffs' Motion to Consolidate is

***GRANTED***. It is, therefore,

***ORDERED*** that Cause No. 2020-08062, in the 61st Judicial District of Harris

County, styled *Gilberto Figueroa and Isabella Figueroa v. Watson Valve Services, Inc.*

*and Watson Grinding and Manufacturing, Co.,* be consolidated with the present suit under

Cause No. 2020-04959 for all purposes, pursuant to Rule 174(a) of the Texas Rules of Civil Procedure.

SIGNED this _____ day of _____, 2020.

_____
**JUDGE PRESIDING**

2/5/2020 4:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40591898
By: Bonnie Lugo
Filed: 2/5/2020 4:04 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

## CAUSE NO. 2020-08060

| | | |
|---|---|---|
| **HECTOR MONDRAGON OLVERA AND ESMERALDA GONZALEZ GARCIA INDIVIDUALLY AND AS NEXT FRIEND OF F.M., Z.M., AND H.M. (MINORS)** *Plaintiffs*, | § § § § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC. AND KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC.** | § § § § § § § § | |
| *Defendants*. | § | **133rd JUDICIAL DISTRICT** |

## PLAINTIFFS' MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE CHRISTINE WEEMS:

COMES NOW, HECTOR MONDRAGON OLVERA AND ESMERALDA

GONZALEZ GARCIA INDIVIDUALLY AND AS NEXT FRIEND OF F.M., Z.M., AND H.M.

(MINORS) ("Plaintiffs"), and file this Motion to Consolidate, asking the  Court to

consolidate Cause No. 2020-08060; *Hector Mondragon Olvera and Esmeralda Gonzalez Garcia Individually and As Next Friend of* F.M., Z.M., AND H.M. (*Minors*) *v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.* into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs were at their respective homes in Northwest Houston when an explosion occurred at the Watson Plant.  The explosion destroyed nearby commercial and residential buildings and resulted in damages to Plaintiffs' personal property.  It is believed that the explosion was caused by a combination of propylene and natural gas which were near each other at the Watson Plant.  It is not yet known how propylene was stored at Defendants' facility, but if a company has more than 10,000 pounds of propylene, it is required to have a Risk Management Plan on file with the Environmental Protection Agency.  Defendants did not and do not have a Risk Management Plan on file.

2.      Plaintiffs in Cause No. 2020-08060 filed suit against the Watson Defendants on February 4, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

**3.**      These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV. P. 174(a); *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.      The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co*.; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in an unfair trial.

6.      Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases is practical and proper.

### III.
### CONCLUSION

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases will likely eliminate duplicative efforts.

### IV.
### PRAYER

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, all parties agree to the consolidation of 2020-08060; *Hector Mondragon Olvera and Esmeralda Gonzalez Garcia Individually and As Next Friend of* F.M., Z.M., AND H.M. (*Minors*) *v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.*; In the 61st Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*

Respectfully submitted,

**McMILLAN FIRM, P.L.L.C.**

By: _____

Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## <u>CERTIFICATE OF SERVICE</u>

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and does not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on February 5, 2020.

***Via E-Serve***
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

***Via E-Serve***
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Chance A. McMillan*
**CHANCE A. MCMILLAN**

CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and** | § | **IN THE DISTRICT COURT OF** |
| **INGRID MIRANDA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC. and** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

CAUSE NO. 2020-08060

| | | |
|---|---|---|
| **HECTOR MONDRAGON OLVERA AND** | § | **IN THE DISTRICT COURT OF** |
| **ESMERALDA GONZALEZ GARCIA** | § | |
| **INDIVIDUALLY** | § | |
| **AND AS NEXT FRIEND OF F.M., Z.M.,** | § | |
| **AND H.M. (MINORS)** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC. AND KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC,** | § | |
| **KMHJ, LTD., WESTERN** | § | |
| **INTERNATIONAL GAS & CYLINDERS,** | § | |
| **INC., AND MATHESON TRI-GAS, INC.** | § | |
| | § | |
| *Defendants*. | § | **133rd JUDICIAL DISTRICT** |

## ORDER

On this day came the Plaintiffs', by and through their attorney of record, and filed their Motion to Consolidate, the Court finds that Plaintiffs' Motion to Consolidate is ***GRANTED***. It is, therefore,

***ORDERED*** that Cause No. 2020-08060, in the 133rd Judicial District of Harris

County, styled *Hector Mondragon Olvera and Esmeralda Gonzalez Garcia Individually and As Next Friend of* F.M., Z.M., AND H.M. (*Minors*) *v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.,* be consolidated with the present suit under Cause No. 2020-04959 for all purposes, pursuant to Rule 174(a) of the Texas Rules of Civil Procedure.

SIGNED this _____ day of _____, 2020.

_____

**JUDGE PRESIDING**

2/5/2020 4:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40591977
By: Bonnie Lugo
Filed: 2/5/2020 4:05 PM

### CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

### CAUSE NO. 2020-08054

| | | |
|---|---|---|
| **MARIA ISABEL TREJO AND JAVIER LOPEZ HERRERA** *Plaintiffs*, | § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC. AND KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC.** | § § § § § § § § § | |
| *Defendants*. | § | **80th JUDICIAL DISTRICT** |

### PLAINTIFFS' MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE CHRISTINE WEEMS:

COMES NOW, MARIA ISABEL TREJO and JAVIER LOPEZ HERRERA ("Plaintiffs"), and file this Motion to Consolidate, asking the Court to consolidate Cause No. 2020-08054; *Maria Isabel Trejo and Javier Lopez Herrera v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.* into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo,*

*and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs were at their respective homes in Northwest Houston when an explosion occurred at the Watson Plant.  The explosion destroyed nearby commercial and residential buildings and resulted in damages to Plaintiffs' personal property.  It is believed that the explosion was caused by a combination of propylene and natural gas which were near each other at the Watson Plant.  It is not yet known how propylene was stored at Defendants' facility, but if a company has more than 10,000 pounds of propylene, it is required to have a Risk Management Plan on file with the Environmental Protection Agency.  Defendants did not and do not have a Risk Management Plan on file.

2.      Plaintiffs in Cause No. 2020-08054 filed suit against the Watson Defendants on February 4, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

3.      These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV. P. 174(a); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.      The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in an unfair trial.

6.      Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases is practical and proper.

**III.**
**CONCLUSION**

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases will likely eliminate duplicative efforts.

**IV.**
**PRAYER**

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, all parties agree to the consolidation of Cause No. 2020-08054; *Maria Isabel Trejo and Javier Lopez Herrera v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.*; In the 80th Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*

Respectfully submitted,

**MᴄMɪʟʟᴀɴ Fɪʀᴍ, P.L.L.C.**

By: _____

Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and does not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on February 5, 2020.

***Via E-Serve***
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

***Via E-Serve***
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Chance A. McMillan*
**CHANCE A. MCMILLAN**

**CAUSE NO. 2020-04959**

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

**CAUSE NO. 2020-08054**

| | | |
|---|---|---|
| **MARIA ISABEL TREJO AND JAVIER LOPEZ HERRERA** *Plaintiffs*, | § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC. AND KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC.** | § § § § § § § § § § | |
| *Defendants*. | § | **80th JUDICIAL DISTRICT** |

## <u>ORDER</u>

On this day came the Plaintiffs', by and through their attorney of record, and filed their Motion to Consolidate, the Court finds that Plaintiffs' Motion to Consolidate is **GRANTED**. It is, therefore,

**ORDERED** that Cause No. 2020-08054, in the 80th Judicial District of Harris County, styled *Maria Isabel Trejo and Javier Lopez Herrera v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.,* be consolidated with the present suit

under Cause No. 2020-04959 for all purposes, pursuant to Rule 174(a) of the Texas Rules

of Civil Procedure.

      SIGNED this _____ day of _____, 2020.

_____
**JUDGE PRESIDING**

2/5/2020 4:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40592099
By: Bonnie Lugo
Filed: 2/5/2020 4:06 PM

**CAUSE NO. 2020-04959**

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

**CAUSE NO. 2020-08019**

| | | |
|---|---|---|
| **GILBERTO MENDOZA CRUZ AND MASSIEL NUNEZ, INDIVIDUALLY AND AS NEXT FRIEND OF I.M. AND A.M. (MINORS)** *Plaintiffs,* | § § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC. AND KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC.** | § § § § § § § § | |
| *Defendants.* | § | **129th JUDICIAL DISTRICT** |

## <u>PLAINTIFFS' MOTION TO CONSOLIDATE</u>

TO THE HONORABLE JUDGE CHRISTINE WEEMS:

COMES NOW, GILBERTO MENDOZA CRUZ and MASSIEL NUNEZ,

INDIVIDUALLY AND AS NEXT FRIENDS OF I.M. AND A.M. (minors) ("Plaintiffs"), and

file this Motion to Consolidate, asking the Court to consolidate Cause No. 2020-08019;

*Gilberto Mendoza Cruz and Massiel Nunez, Individually and As Next Friends of I.M. and*

*A.M. (Minors) v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.* into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs were at their respective homes in Northwest Houston when an explosion occurred at the Watson Plant.  The explosion destroyed nearby commercial and residential buildings and resulted in damages to Plaintiffs' personal property.  It is believed that the explosion was caused by a combination of propylene and natural gas which were near each other at the Watson Plant.  It is not yet known how propylene was stored at Defendants' facility, but if a company has more than 10,000 pounds of propylene, it is required to have a Risk Management Plan on file with the Environmental Protection Agency.  Defendants did not and do not have a Risk Management Plan on file.

2.      Plaintiffs in Cause No. 2020-08019 filed suit against the Watson Defendants on February 4, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

3.      These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.     Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* TEX. R. CIV. P. 174(a); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.     The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in an unfair trial.

6.     Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.     The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases is practical and proper.

**III.**
**CONCLUSION**

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases will likely eliminate duplicative efforts.

**IV.**
**PRAYER**

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, all parties agree to the consolidation of Cause No. 2020-08019; *Gilberto Mendoza Cruz and Massiel Nunez, Individually and As Next Friends of I.M. and A.M. (Minors) v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.*; In the 61st Judicial District Court of Harris County, Texas, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*

Respectfully submitted,

**McMillan Firm, P.L.L.C.**

By: _____
Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

*ATTORNEYS FOR PLAINTIFFS*

## <u>CERTIFICATE OF SERVICE</u>

The below counsel served with this Motion appeared before a Harris County Ancillary Court on behalf of the Watson Defendants on January 27, 2020 in another Cause. Plaintiffs' counsel has served the below counsel as a courtesy and does not allege that any formal appearance in either cause referenced above has been made on behalf of the Watson Defendants. I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on February 5, 2020.

*Via E-Serve*
John V. McCoy
Michael I. Ramirez
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188

*Via E-Serve*
Ernest P. Gieger, Jr.
Gieger, Laborde & Laperouse L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139

*/s/ Chance A. McMillan*
**CHANCE A. MCMILLAN**

**CAUSE NO. 2020-04959**

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and WATSON GRINDING AND MANUFACTURING, CO.** | § § § § § | |
| *Defendants.* | § | **281ST JUDICIAL DISTRICT** |

**CAUSE NO. 2020-08019**

| | | |
|---|---|---|
| **GILBERTO MENDOZA CRUZ AND MASSIEL NUNEZ, INDIVIDUALLY AND AS NEXT FRIEND OF I.M. AND A.M. (MINORS)** *Plaintiffs,* | § § § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC. AND KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC.** | § § § § § § § § § | |
| *Defendants.* | § | **129th JUDICIAL DISTRICT** |

## ORDER

On this day came the Plaintiffs', by and through their attorney of record, and filed their Motion to Consolidate, the Court finds that Plaintiffs' Motion to Consolidate is *GRANTED*. It is, therefore,

**ORDERED** that Cause No. 2020-08019, in the 129th Judicial District of Harris County, styled *Gilberto Mendoza Cruz and Massiel Nunez, Individually and As Next*

*Friends of I.M. and A.M. (Minors) v. Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.,* be consolidated with the present suit under Cause No. 2020-04959 for all purposes, pursuant to Rule 174(a) of the Texas Rules of Civil Procedure.

SIGNED this _____ day of _____, 2020.

_____
**JUDGE PRESIDING**

2/5/2020 6:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40598288
By: Bonnie Lugo
Filed: 2/5/2020 6:39 PM

**CAUSE NO. 2020-04959**

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR. and**<br>**INGRID MIRANDA** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC. and**<br>**WATSON GRINDING AND**<br>**MANUFACTURING, CO.** | § § § § | |
| *Defendants.* | § § | **281st JUDICIAL DISTRICT** |

**CAUSE NO. 2020-08220**

| | | |
|---|---|---|
| **HOUSTON CORVETTE SERVICE,**<br>**INC., STINGRAY ENERGY, LLC and**<br>**GORDON ANDRUS,** | § § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC.,**<br>**WATSON GRINDING AND**<br>**MANUFACTURING, CO., KMHJ, LTD.,**<br>**KMHJ MANAGEMENT COMPANY, LLC,**<br>**WESTERN INTERNATIONAL GAS &**<br>**CYLINDERS, INC., and**<br>**MATHESON TRI-GAS, INC.** | § § § § § § § § | |
| *Defendants* | § | **152nd JUDICIAL DISTRICT** |

## PLAINTIFFS' MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs HOUSTON CORVETTE SERVICE, INC., STINGRAY ENERGY, LLC and GORDON ANDRUS, INDIVIDUALLY ("Plaintiffs") and file this Motion to Consolidate, asking the Court to consolidate Cause No. 2020-08220, *Houston Corvette Service, Inc. et al v. Watson Valve Services, Inc., et al* before the 152nd Judicial District Court of Harris County, Texas into the subject case, for discovery purposes only, pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve*

*Services, Inc., Watson Grinding and Manufacturing, Co.,* and would show the Court as follows:

## I.
## FACTUAL & PROCEDURAL BACKGROUND

1.      On January 24, 2020, Plaintiffs *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo* ("Miranda Plaintiffs") filed their application against Defendants, *Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.* ("Watson Defendants") for seeking a restraining order and injunctive relief arising out of an explosion that occurred at Defendants' premises on January 24, 2020. On January 27, 2020, the Miranda Plaintiffs brought affirmative claims seeking economic and non-economic damages.

2.      Plaintiffs in Cause No. 2020-08220, *Houston Corvette Service, Inc. et al v. Watson Valve Services, Inc., et al* before the 152nd Judicial District Court of Harris County, Texas filed suit against the Watson Defendants on February 5, 2020 for the same incident and damages made the basis of the Miranda Plaintiffs' cause of action.

3.      These cases relate to each other and share common questions of law and fact as each case stems from the same explosion. All Plaintiffs in both cases bring the same causes of action against the Watson Defendants following the explosion made the basis of this suit.

## II.
## ARGUMENT AND AUTHORTIES

4.      Consolidation of cases is appropriate if (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* Tex. R. Civ. P. 174(a); *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 207 (Tex. 2004); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

5.      The Court should consolidate this case with Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and Manufacturing, Co.*; pending in the District Court of Harris County, Texas; 281st Judicial District, because this case arises from the same occurrence and involves common questions of law and fact, and consolidation will not result in unfair prejudice to any party.

6.      Cause No. 2020-04959 is the oldest and lowest cause number for any claim arising out of the January 24, 2020 explosion.

7.      The evidence developed in both cases will be material, relevant and admissible in both cases; therefore, in the interests of efficiency, judicial economy, convenience and to avoid unnecessary costs and undue delay, consolidation of these cases for discovery purposes only is practical and proper.

### III.
### CONCLUSION

8.      Based on the foregoing, it is practicable to consolidate these cases to avoid unnecessary costs and expenses by the parties, and consolidation of these cases for discovery purposes will likely eliminate duplicative efforts.

### IV.
### PRAYER

9.      In the interests of efficiency, judicial economy and to avoid unnecessary costs and undue delay, Plaintiffs request this Court to order the consolidation of Cause No. 2020-08220; *Houston Corvette Service, Inc. et al v. Watson Valve Services, Inc., et al* before the 152nd Judicial District Court of Harris County, Texas, for discovery purposes only, into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson Valve Services, Inc., Watson Grinding and*

*Manufacturing, Co..*

Respectfully submitted,

**TERRY & THWEATT, P.C.**

By: /s/ *L. Lee Thweatt*
   L. Lee Thweatt
   State Bar No. 24008160
   Joseph D. Terry
   State Bar No. 24013618
   One Greenway Plaza, Suite 100
   Houston, Texas 77046-0102
   Telephone: (713) 600-4710
   Facsimile:  (713) 600-4706
   lthweatt@terrythweatt.com
   jterry@terrythweatt.com

**KAMINS LAW FIRM, PLLC**

By: /s/ *Anna Dean Kamins*
   Anna Dean Kamins
   State Bar No. 24032003
   2925 Richmond Ave., Suite 1200
   Houston, Texas 77098
   (713)201-4032 Telephone
   akamins@kamins-law.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was forwarded to the below attorneys via e-service, on February 5, 2020.

John V. McCoy
McCoy Leavitt Laskey LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188-1179
Counsel for Watson Grinding and Manufacturing, Inc.
***Via E-Service***

/s/ *L. Lee Thweatt*

2/5/2020 6:39:45 PM
Marilyn Burges - District Clerk
Harris County
Envelope No: 40598288
By: LUGO, BONNIE
Filed: 2/5/2020 6:39:45 PM

### CAUSE NO. 2020-04959

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR. and<br>INGRID MIRANDA | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | §<br>§ | |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. and<br>WATSON GRINDING AND<br>MANUFACTURING, CO. | §<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | 281st JUDICIAL DISTRICT |

### CAUSE NO. 2020-08220

| | | |
|---|---|---|
| HOUSTON CORVETTE SERVICE,<br>INC., STINGRAY ENERGY, LLC and<br>GORDON ANDRUS, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| *Plaintiffs* | §<br>§ | |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC.,<br>WATSON GRINDING AND<br>MANUFACTURING, CO., KMHJ, LTD.,<br>KMHJ MANAGEMENT COMPANY, LLC,<br>WESTERN INTERNATIONAL GAS &<br>CYLINDERS, INC., and<br>MATHESON TRI-GAS, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | § | 152nd JUDICIAL DISTRICT |

### <u>ORDER</u>

On this day, the Court considered the Plaintiffs' Motion to Consolidate.  After considering the motion, and any response, the Court hereby GRANTS the Motion in all things and ORDERS:

That Cause No. 2020-08220, *Houston Corvette Service, Inc. et al v. Watson Valve Services, Inc., et al* presently pending before the 152nd Judicial District Court of Harris County, Texas is consolidated for discovery purposes only into the subject case pending before this Court, Cause No. 2020-04959; *Rigoberto Miranda, Jr., Ingrid Miranda, Daniel Bravo, and Erica Bravo v. Watson*

*Valve Services, Inc., Watson Grinding and Manufacturing, Co.*

This order does not consolidate these cases for any other purpose other than discovery. Separate judgments shall be reached in each action and the respective cause numbers shall remain as separate actions on the dockets of the respective Courts for all purposes other than discovery.

SIGNED on this the _____day of February, 2020.


_____
JUDGE PRESIDING

2/6/2020 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40627747
By: Bonnie Lugo
Filed: 2/6/2020 3:45 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **Rigoberto Miranda, Jr., et al.,** | § | |
| | § | **In the District Court** |
| **Plaintiffs** | § | |
| **v.** | § | |
| | § | **281st Judicial District** |
| **Watson Valve Services, Inc., et al.** | § | |
| | § | |
| **Defendants.** | § | **Harris County, Texas** |
| | § | |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Valve Services, Inc. ("**Watson Valve**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30968.  This bankruptcy case was commenced on February 6, 2020.

Watson Valve suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By:  /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON
VALVE SERVICES, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

| | |
|---|---|
| Robert S. Kwok | rkwok@kwoklaw.com |
| J. Ryan Loya | rloya@kwoklaw.com |
| Joshua R. Leal | jleal@kwoklaw.com |
| Alex P. Boylhart | aboylhart@kwoklaw.com |
| William W. Hoke | whoke@whokelaw.com |

/s/ Jarrod B. Martin
Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:26 PM and
filed on 02/06/2020.



**Watson Valve Services, Inc.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 68-0493572

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30968.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:57 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30968 |
| Billable Pages: | 1 | Cost: | 0.10 |

2/6/2020 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40627747
By: Bonnie Lugo
Filed: 2/6/2020 3:45 PM

## CAUSE NO. 2020-04959

| | | |
|---|---|---|
| **Rigoberto Miranda, Jr., et al.,** | § | |
| | § | **In the District Court** |
| **Plaintiffs** | § | |
| **v.** | § | |
| | § | **281st Judicial District** |
| **Watson Valve Services, Inc., et al.** | § | |
| | § | |
| **Defendants.** | § | **Harris County, Texas** |
| | § | |

---

## SUGGESTION OF BANKRUPTCY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967.   This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

**PROPOSED COUNSEL FOR WATSON GRINDING AND MANUFACTURING CO.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

| | |
|---|---|
| Robert S. Kwok | rkwok@kwoklaw.com |
| J. Ryan Loya | rloya@kwoklaw.com |
| Joshua R. Leal | jleal@kwoklaw.com |
| Alex P. Boylhart | aboylhart@kwoklaw.com |
| William W. Hoke | whoke@whokelaw.com |

/s/ Jarrod B. Martin
Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/06/2020 12:28:01 | | | |
| **PACER Login:** | mhllp123:3421775:0 | **Client Code:** | 7058 |
| **Description:** | Notice of Filing | **Search Criteria:** | 20-30967 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

2/14/2020 4:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40868491
By: Courtni Gilbert
Filed: 2/14/2020 4:25 PM

CAUSE NO. _____

| | | |
|---|---|---|
| YOUSEF ABDULLA AND | § | IN THE DISTRICT COURT OF |
| HOUSTON AUTO TECH, INC., | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO. | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION ALONG WITH
## RULE 194 REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, YOUSEF ABDULLA and HOUSTON AUTO TECH, INC., Plaintiffs in the above-styled and numbered cause, and file Plaintiffs' Original Petition along with Rule 194 Requests for Disclosure to All Defendants complaining of Defendants, WATSON VALVE SERVICES, INC., and WATSON GRINDING AND MANUFACTURING, CO. and for cause(s) of action would respectfully show this Honorable Court as follows:

## I.
## DISCOVERY PLAN

1.      Discovery in this case is to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure as Plaintiffs seek monetary relief over $1,000,000.00.

## II.
## REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2.      To the extent that any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, suit is brought against them pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs demand upon answering this suit that Defendants answer in their correct legal and assumed names.

### III.
### PARTIES

3.  Plaintiff YOUSEF ABDULLA is a natural person residing in Harris County, Texas.

4.  Plaintiff HOUSTON AUTO TECH, INC. is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit.

5.  Defendant WATSON VALVE SERVICES, INC. (hereinafter "WATSON VALVE") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit. Defendant may be served with process through its registered agent, John M. Watson, at 4525 Gessner Road, Houston, Texas 77041.

6.  Defendant WATSON GRINDING AND MANUFACTURING, CO. (hereinafter "WATSON") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit. Defendant may be served with process through its registered agent, John M. Watson, at 4525 Gessner Road, Houston, Texas 77041.

### IV.
### VENUE AND JURISDICTION

7.  Venue is proper in Harris County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

8.  Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over all parties as set out in the below paragraph.

### V.
### FACTS

9.  In the early morning hours of January 24, 2020, a violent explosion occurred at

Watson Grinding and Manufacturing, located at 4525 Gessner Road in Houston, Texas. Plaintiffs' property was destroyed by the explosion. At all times relevant to the incident, Defendants WATSON and/or WATSON VALVE controlled and continues to control the premises where the explosion originated. As a result of the explosion, Plaintiffs suffered significant damages to their personal property and premises.

## VI.
## NEGLIGENCE OF ALL DEFENDANTS

10.    Defendants contemporaneous conduct constituted a breach of the duty of ordinary care owed by Defendants to Plaintiffs. Defendants directly and personally participated in the conduct giving rise to Plaintiffs' negligence claims through their joint and several actions and omissions. Defendants' employees, acting in the course and scope of their employment, owed an independent duty to Plaintiffs and were guilty of negligence in the following respects:

a.   Failing to furnish reasonably safe instrumentalities;

b.   Failing to provide and enforce safety regulations;

c.   Failing to properly inspect, maintain and store volatile gases on the premises;

d.   Failing to properly inspect and maintain pressure regulators on the premises;

e.   Failing to properly inspect the premises for gas leaks;

f.   Failing to properly repair storage tanks, gas lines, and valves;

g.   Failing to timely repair tanks, gas lines, and valves;

h.   Failing to properly screen, hire, train, control, manage and/or supervise their agents and employees;

i.   Failing to cordon off the hazardous area from all traffic, tools, and equipment near the ignition source;

j.   Failing to institute precautionary measures to prevent volatile gases from escaping high-pressure gas lines; and/or

k.  Failing to ensure a safe work area.

11.  Each of the above referenced acts or omissions by Defendants led to the explosion.

## VII.
## GROSS NEGLIGENCE OF ALL DEFENDANTS

12.  The occurrence made the basis of this suit and the resulting injuries and damages to Plaintiffs was proximately caused by Defendants' wanton and reckless disregard for the safety of Plaintiffs, consisted of, but is not limited to, the following acts and/or omissions:

a.  Failing to furnish reasonably safe instrumentalities;

b.  Failing to provide and enforce safety regulations;

c.  Failing to properly inspect, maintain and store volatile gases on the premises;

d.  Failing to properly inspect and maintain pressure regulators on the premises;

e.  Failing to properly inspect the premises for gas leaks;

f.  Failing to properly repair storage tanks, gas lines, and valves;

g.  Failing to timely repair tanks, gas lines, and valves;

h.  Failing to properly screen, hire, train, control, manage and/or supervise their agents and employees;

i.  Failing to cordon off the hazardous area from all traffic, tools, and equipment near the ignition source;

j.  Failing to institute precautionary measures to prevent volatile gases from escaping high-pressure gas lines; and/or

k.  Failing to ensure a safe work area.

13.  Each of these acts and/or omissions of Defendants constitutes a wanton and reckless disregard for the safety of Plaintiffs, and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to Plaintiffs as described below.

14.  When viewed objectively from the standpoint of Defendants at the time of its

occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, Plaintiffs sue for exemplary damages in an amount to be determined by the trier of the fact.

## VIII.
## DAMAGES OF PLAINTIFFS

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs seek:

      a.  Remedial costs for real property damage;

      b.  Replacement costs for personal property damage;

      c.  Costs of completion;

      d.  Expenses of temporary/alternate housing;

      e.  Mental anguish in the past and future;

      f.  Physical pain and suffering in the past and future;

      g.  Medical expenses in the past and future;

      h.  Loss of earnings and earnings capacity in the past and future;

      i.  Disfigurement in the past and future;

      j.  Loss of earnings and earnings capacity in the past and future;

      k.  Loss of household services in the past and future;

      l.  Loss of use;

      m.  Costs of suit;

      n.  Prejudgment and post-judgment interest;

      o.  Cost of replacement;

p.  Incidental and consequential damages;

q.  Business interruption damages; and

r.  All other relief to which Plaintiffs may be justly entitled.

## IX.
## RULE 194 REQUESTS FOR DISCLOSURE

16.     Pursuant to Tex. R. Civ. Proc. 194, ALL DEFENDANTS are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2(a)-(l).

## X.
## NOTICE OF DEMAND FOR PRESERVATION
## OF ELECTRONICALLY STORED INFORMATION

72.     Plaintiffs asks the Court to order Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. to preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause, in accordance with specific notice previsions as if same was set for the herein for all purposes.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO., answer this suit, and for such other and further relief, both general and special, at equity and in law, to which Plaintiffs may show themselves justly entitled.

Plaintiffs further pray that Defendants WATSON VALVE SERVICES, INC., and WATSON GRINDING AND MANUFACTURING, CO. be cited to appear and answer, and upon final hearing of this cause, Plaintiffs have judgment against Defendants for damages listed herein, for actual damages, exemplary damages, costs of suit, pre-judgment and post-judgment interest at

the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LASSITER LAW FIRM
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
TEL (713)521-0104
FAX (713)521-0103
service@lassiterlaw.net

BY: _____
JAMES M. LASSITER, III
State Bar No. 11969825
TIMOTHY M. MCHALE
State Bar No. 24046393
MOHAMMED H. NABULSI
State Bar No. 24105686
Hannah G. Johannes
State Bar No. 24116572
**ATTORNEYS FOR PLAINTIFF**

2/14/2020 4:25:52 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40868491
By: GILBERT, COURTNI N
Filed: 2/14/2020 4:25:52 PM

## CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| :---: |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition and Request for Disclosure

**FILE DATE OF MOTION:** 2/14/2020 _____

                                    Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: WATSON VALVE SERVICES, INC.

    ADDRESS: 4525 GESSNER ROAD, HOUSTON, TEXAS 77041 OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND.

    AGENT, (if applicable): JOHN M. WATSON

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
- [✓] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: BOX 515      Phone: 713-521-0104
- [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
    Type of Publication:    [ ] **COURTHOUSE DOOR, or**
                            [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2.  NAME: WATSON GRINDING AND MANUFACTURING, CO

    ADDRESS: 4525 GESSNER ROAD, HOUSTON, TEXAS 77041 OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND.

    AGENT, (if applicable): JOHN M. WATSON

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
- [✓] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: BOX 215      Phone: 7135210104
- [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
    Type of Publication:    [ ] **COURTHOUSE DOOR, or**
                            [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: LASSITER LAW FIRM, JAMES M. LASSITER, III    TEXAS BAR NO./ID NO. 11969825

MAILING ADDRESS: 3120 SOUTHWEST FREEWAY, SUITE 650

PHONE NUMBER: 713 ____ 521-0104 ____    FAX NUMBER: 713 ____ 521-0103 ____
               area code    phone number                  area code    fax number

EMAIL ADDRESS: YVONNE@LASSITERLAW.NET

CIVIC103 Revised 9/1/09



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

## CAUSE NUMBER: 2020-10652

**ATY**             **CIV X**         **COURT 190**

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY: LASSITER, JAMES**      **PH: 713-521-0104** |
| **\*CIVIL PROCESS SERVER: LASSITER LAW FIRM** |
| **\*PH:**                  **BOX: 215** |
| **\*PERSON NOTIFIED SVC READY:** _____ |
| **\* NOTIFIED BY:** _____ |
| **DATE:** _____ |

Type of Service Document: CITATION     Tracking Number 737**26459**
Type of Service Document: _____     Tracking Number **73726469**
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

Service Issued By: *COURTNI GILBERT*

Civil Process Pick-Up Form Completed By: *COURTNI GILBERT*

**Date: 02 - 19 . 2020_**     **30 days waiting: 03 - 19 . 2020**

| |
|---|
| **\*Process papers released to:** *Joseph Salinas* |
| (PRINT NAME) |
| *713-521-0104* |
| **\*(CONTACT NUMBER)**     (SIGNATURE) |
| **\*Process papers released by:** Kevin Childs |
| (PRINT NAME) |
| Kevin Childs |
| (SIGNATURE) |
| **\* Date:** *2.26.2020*     **Time:** *1:17*    AM **PM** |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Revised 01-07-2020

3/2/2020 3:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41300602
By: Ozuqui Quintanilla
Filed: 3/2/2020 3:11 PM

## CAUSE NO. 2020-10652

| | | |
|---|---|---|
| **Youseff Abdulla, et al.,** | § | |
| | § | **In the District Court** |
| **Plaintiffs** | § | |
| **v.** | § | |
| | § | **190th Judicial District** |
| **Watson Valve Services, Inc.** | § | |
| | § | |
| **Defendants.** | § | **Harris County, Texas** |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Valve Services, Inc. ("**Watson Valve**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30968. This bankruptcy case was commenced on February 6, 2020.

Watson Valve suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: March 2, 2020

Respectfully submitted,

McDowell Hetherington LLP

By:  /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
Kate H. Easterling
Texas Bar No. 24053257
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com
   Kate.Easterling@mhllp.com
   Avi.Moshenberg@mhllp.com

**PROPOSED COUNSEL FOR WATSON VALVE
SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

James M. Lassiter, III        service@lassiterlaw.com
Timothy M. McHale
Mohammed H. Nabulsi

<u>/s/ Jarrod B. Martin</u>
Jarrod B. Martin

# Exhibit A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:26 PM and
filed on 02/06/2020.

**Watson Valve Services, Inc.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 68-0493572

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30968.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:57 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30968 |
| Billable Pages: | 1 | Cost: | 0.10 |